[Civ. No. 6984. First Appellate District, Division One.—July 17, 1929.]

GEORGE LINDSEY et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

38

George M. Lipman, Harold Levin and Walter F. Lynch for Petitioners.

Francis C. Brown for Respondents.

THE COURT.—An original application for a writ of prohibition to the Superior Court of the City and County of San Francisco, directing said court to desist and refrain

from further proceedings in an action pending therein, which was commenced on November 10, 1925, by Katherine Horton against George and Emma Lindsey, and is numbered 163152 according to the register of actions in said court. The suit was for the rescission, on the ground of fraud, of a contract for the purchase by plaintiff of the furnishings of an apartment house, the recovery of sums paid by her thereon and for damages.

A summons was issued, but, so far as appears, was not served upon the defendants. Thereafter, on September 13, 1927, the plaintiff was adjudged to be an incompetent person, and P. G. Sanborn was duly appointed and qualified as the guardian of her estate. On June 23, 1928, respondent, upon the application of the guardian, made an order for his substitution as plaintiff in the action, and on June 26, 1928, an amended complaint was filed therein, stating the same facts as appeared in the original complaint, with the additional fact of the appointment of Sanborn as guardian. The amended complaint, however, was entitled ''P. G. Sanborn, guardian, on behalf of Katherine Horton, an incompetent person, plaintiff,'' the name of the incompetent being omitted in the caption, although the pleading alleged that the same was filed on her behalf, and one W. E. Bivens, alleged to have been an agent of the principal and certain fictitious defendants in the transaction, was also joined as a defendant.

Thereafter, on July 24, 1928, there was filed a second amended complaint with the same caption and containing substantially the same allegations of fraud as those appearing in the original and first amended complaint. On July 27, 1928, defendant Bivens filed his answer ''to the amended complaint,'' denying the material allegations therein, and on September 6, 1928, defendant George and Emma Lindsey filed their joint general demurrer to the ''second amended complaint,'' alleging, also, that the pleading was uncertain in the particulars specified in the demurrer. An answer, putting in issue the material allegations of the amended pleading, was filed by them at the same time, and the demurrer having been overruled the parties on December 18, 1928, proceeded to trial.

It appears that evidence in support of the allegations of the complaint as amended was introduced over objection

by defendants, and the plaintiff having rested, defendants moved for a nonsuit upon the ground of variance between the allegations of the complaint and the evidence offered in that no cause of action in the guardian as such was shown. The guardian then moved for leave to amend to conform to the proof by substituting the ward as plaintiff, by her guardian, and that the action be continued in her name. The defendants, who opposed this motion, thereupon moved to dismiss the action upon the ground that, more than three years having elapsed since the filing of the original complaint and the summons not having been served, the court, under the provisions of section 581a of the Code of Civil Procedure, was, saving its power to enter an order of dismissal, without jurisdiction to proceed. The motions for a nonsuit and the dismissal of the action were denied, and an order entered permitting the complaint to be amended as requested.

Petitioners contend that the first amendment, whereby the guardian was named as plaintiff in the action, although alleging that the amended pleading was filed on behalf of the ward, was in effect a new action; and that the summons issued on November, 1925—which was the only summons issued—not having been served, and more than three years having elapsed, the court was without jurisdiction to allow the amendment sought at the trial or to do otherwise than dismiss.

■■ That the ward rather than the guardian should have been named as plaintiff is well settled (*Fox* v. *Minor*, 32 Cal. 111 [91 Am. Dec. 566]; *Dixon* v. *Cardozo*, 106 Cal. 506 [39 Pac. 857]); but, as held in the case last cited, which is similar in its facts, the order substituting the guardian, though erroneous, was manifestly not intended as· a dismissal of the action as to the incompetent plaintiff and should not be given that effect.

■ As stated, the pleadings throughout show a cause of action in the original plaintiff; and while it may be assumed that a demurrer to the amended complaint should properly have been sustained on the ground that no cause of action was shown to be vested in the guardian, neither the erroneous order for his substitution as plaintiff nor the amendment made in conformity therewith deprived the court of juris-

diction (*Dixon* v. *Cardozo, supra; Westphal* v. *Arnoux,* 51 Cal. App. 532 [197 Pac. 395]).

Section 473 of the Code of Civil Procedure provides that "the court may in furtherance of justice and on such terms as may be proper allow a party to amend any pleading or proceeding . . . by correcting the name of a party or a mistake in any other respect . . . , " and it was within the court's discretion to permit such amendment after the case was submitted on the motion for nonsuit (*Robinson* v. *Exempt Fire Co., etc.,* 103 Cal. 1 [42 Am. St. Rep. 93, 24 L. R. A. 715, 36 Pac. 955]). Section 581a of the Code of Civil Procedure, after providing for the dismissal of actions unless summons shall have been issued within one year, also provides that "all such actions must be in like manner dismissed unless the summons shall have been served and the return thereon made within three years after the commencement of the said action. But all such actions may be prosecuted if appearance has been made by the defendant or defendants within three years in the same manner as if summons had been issued and served . . . " Here the defendants voluntarily appeared within the three-year period and answered to the merits the amended complaint, which stated a cause of action in favor of the ward. As was said in *Nisbet* v. *Clio Min. Co.,* 2 Cal. App. 436, 442 [83 Pac. 1077, 1080], "Courts under the reformed system of procedure look to the substance of things rather than to form, and to persons and things rather than to mere names. This manner of treating things constitutes the life and spirit of the reformed system of procedure (*Anglo etc. Co.* v. *Turner Casing Co.,* 34 Kan. 340 [8 Pac. 404]). That system was designed to enable courts of justice to brush aside technicalities affecting no substantial right, and decide cases upon the merits. In the case at bar the body of the complaint clearly indicated that the intention was to sue the Clio Mining Company and recover upon its debt, and the parties appearing in that action could not close their eyes to substantial facts and rely upon mere technical omissions in the caption or title of the case . . . "

In *Cox* v. *San Joaquin Light & Power Co.,* 33 Cal. App. 522 [166 Pac. 578], an action to recover damages for the death of a servant was brought ·by the widow of the deceased in her own name under the mistaken supposition

that the case fell within the provisions of section 377 of the Code of Civil Procedure, which provided for the maintenance of such actions by the heirs or personal representatives of the deceased. After the statute of limitations had run against the cause of action, in order to bring the case within the provisions of section 1970 of the Civil Code an amendment was filed wherein the widow as administratrix of the estate of the deceased was substituted as plaintiff in the place of herself as an heir at law. It was contended that the amendment resulted in a complete change of the cause of action, which was barred by the statute of limitations. In deciding against this contention the court refers with approval to the analogous case of *Reardon* v. *Balaklaala Consol. Copper Co.*, 193 Fed. 189, 191, and quotes therefrom as follows: "It should be borne in mind that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which she sues. . . . This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than substance, and in the interest of justice is to be treated as such rather than to adopt the view which would result in an irretrievable bar to all remedy. . . . "

The above is peculiarly applicable to the case at bar, and it is our conclusion that the amendment had not the effect claimed but that respondent court, notwithstanding the amendment, retained jurisdiction of the cause, and due to their voluntary appearance acquired jurisdiction of the parties defendant.

■ Should the orders complained of be erroneous they may be reviewed in a proper proceeding; but the function of a writ of prohibition being to restrain subordinate tribunals from exceeding their jurisdiction (Code Civ. Proc., sec. 1102), it cannot be used to take the place of an appeal (*Coker* v. *Superior Court*, 58 Cal. 177, 179; *Valentine* v. *Police Court*, 141 Cal. 615 [75 Pac. 336]; *Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903]; *Takeba* v. *Superior Court*, 43 Cal. App. 469 [185 Pac. 406]; *Apartment etc. Financing Corp.* v. *Will*, 69 Cal. App. 276 [231

Pac. 349]), or employed as a means of correcting errors of such tribunals (*Amos* v. *Superior Court,* 196 Cal. 677 [239 Pac. 317]), even though objection thereto is based upon jurisdictional grounds (*County of Sutter* v. *Superior Court,* 188 Cal. 292 [204 Pac. 849]).

We find no merit in the contentions of petitioners and the writ is accordingly denied.