[L. A. No. 12851. In Bank.—December 30, 1932.]

ELLEN C. MULLIA, Plaintiff and Appellant, v. JOHN MAYER et al., Respondents; GEORGE L. MULLIA, Cross-Defendant and Appellant.

Anthony Jurich for Plaintiff and Appellant.

Geo. E. Cryer for Cross-Defendant and Appellant.

Stanley H. Phipps for Respondents.

THE COURT.—This is an appeal by certain parties from a judgment in an action for an accounting. Defendants Vuksich, Vukoja and George L. Mullia entered into an agreement by the terms of which Vuksich was to make a bid on sewer construction for the city of Southgate; Mullia was to assist in securing bonds and to furnish premiums; and the three parties were to share profits or losses equally. The contract was awarded to Vuksich, but defendant George L. Mullia, being unable to raise the sum of $10,385 for premiums and $1,000 for other necessary expenses, offered de-

fendant Mayer one-half of this one-third interest if Mayer would pay one-half of said premium and expenses. Mayer accepted and paid $500, but being unable to raise the balance, interested plaintiff Ellen C. Mullia, who advanced $5,000 with the understanding that she and defendants George L. Mullia and Mayer would each share in the latter's one-third of the profits, in proportion to the amount advanced by each. This one-third share ultimately was fixed at $20,000.

Plaintiff filed this action to establish a partnership and for an accounting. Defendant United States Fidelity and Guaranty Company filed an answer admitting holding the sum of $20,000, and a cross-complaint praying that all parties be brought into court to determine their rights. Several other defendants appeared and filed answers and cross-complaints. Subsequent to the trial, a settlement was reached by all of the parties save plaintiff Ellen C. Mullia, defendant George L. Mullia, and respondent D. A. Woods. This last-named party appeared as the assignee of Robert F. Shippee, an attorney at law. Her claim was for the sum of $2,000, under a contract of said attorney with defendant George L. Mullia, whereby Shippee was to receive ten per cent of the amount collected from Vuksich and Vukoja, the other members of the partnership. The court found that Shippee had already been paid $150, and was entitled to the further sum of $1850. This appeal is taken by plaintiff Ellen C. Mullia and defendant George L. Mullia from the judgment awarding said sum to respondent D. A. Woods.

The contentions of appellants are that respondent was not a proper party to the action; that the court should have granted leave to appellant George L. Mullia to file an amended answer denying the contract; that the court erred in refusing to permit George L. Mullia to testify as to the alleged contract; and that the findings and judgment are erroneous because Shippee did not perform his contract. None of these points is substantial. ■ Respondent appeared upon the filing of a cross-complaint by United States Fidelity and Guaranty Company, and claimed an interest in the fund. She was not served with the cross-complaint, but alleged that she was entitled to appear as the fictitious party ("Jane Doe") named therein. No objection was made to her appearance until evidence was sought to be in-

troduced in behalf of her claim, and we think that the court acted within its discretion in permitting such evidence to be presented. ■ With respect to the request of George L. Mullia to file an amended answer, the record shows certain denials relating to the contract in his original answer, and no sound reason appears for the request, which was made after all the testimony was closed. ■ Similarly, the request of George L. Mullia to take the stand again, after he had previously testified, was made at the conclusion of the trial, and was unaccompanied by a specific offer of proof. In these matters the trial court necessarily has a wide discretion, and we are given no indication of any possible prejudice suffered as a result of its ruling.

■ The final proposition urged is that by the terms of the contract, Shippee was not entitled to his fee unless the money sued for was actually collected; and since it had become necessary for the parties to go to court to settle the matter, Mullia was never in default since Shippee had not performed. This is not a necessary interpretation of the agreement. It appears that Shippee conducted negotiations, and brought an action on behalf of Mullia against his other partners, Vuksich and Vukoja, which action was compromised and Mullia's share set at $20,000. This sum was held by the United States Fidelity and Guaranty Company, pending determination of the claims of the other parties having rights against Mullia. Ultimately Mullia received the money to which he was entitled, and on the merits, there is no reason why Shippee should not receive his agreed fee.

We are satisfied that the court properly disposed of the issues before it. The judgment is affirmed.