[Civ. No. 9525.  Second Appellate District, Division One.—April 9, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Appellant, v. W. H. SAGE, Respondent.

Freston & Files, Edmund Nelson, Howard Waterman and Ralph E. Lewis for Appellant.

O'Melveny, Tuller & Myers and Homer L. Mitchell for Respondent.

YORK, J.—This is an action brought by the plaintiff as successor in interest of the Bank of America of California, it having been stipulated in this action that the Bank of America of California was merged with and became consolidated with several banks under the name of Bank of America National Trust and Savings Association, which action is on a guaranty signed by defendant in words and figures following, to wit:

"Continuing Guarantee.

"Bank of America of California,

"Los Angeles, California.

"You will please give credit to Beverly Bond and Mortgage Company, Inc. and permit them to become indebted to you on endorsements, overdrafts, acceptances or other liabilities in a sum in United States gold coin not exceeding the total amount of Seventy-five Thousand and No/100 Dollars ($75,000.00#) and as said Beverly Bond and Mortgage Company, Inc. contemplates a course of future dealings with you, you will please continue said credit, or if it should be reduced or satisfied by payments, renew the same from time to time for said amount, or any less sum, or otherwise keep said credit permanently up to the limit aforesaid, or any less sum.

"And these presents shall be deemed to be, and shall constitute to you a continuing guaranty in reference to, and embrace the original credit hereby authorized and all future liabilities of said Beverly Bond and Mortgage Company, Inc. to you under such original credit and under any renewal or renewals thereof, and under any note, endorsement, acceptance, over-draft, and/or other liability and under such successive transactions with you as shall either continue said liabilities, or from time to time renew them, and this guaranty shall remain and be operative until all present or future credit and credits given by you as aforesaid and all liabilities incurred as aforesaid, not exceeding said limited amount, shall be fully paid, and this guaranty shall remain in full force and effect until written notice of revocation shall have been actually received by you from the undersigned, which notice of revocation shall apply only to any transactions occurring after the receipt of notice of such revocation.

"And in consideration of the compliance by you to the above requests, the undersigned hereby promises and agrees to pay you at any time upon demand, in United States gold coin, the full amount of principal and interest due you from said Beverly Bond and Mortgage Company, Inc. as aforesaid, not exceeding the said sum of Seventy Five Thousand Dollars ($75,000).

"The undersigned further agrees that your right to demand, and the obligation of the undersigned to pay the above in-

debtedness and liabilities shall not be *effected* by the holding by you of any collateral or security to secure the same, and you need not give, and the undersigned expressly waives notice of acceptance of this guaranty, notice of any advance, credit or forbearance extended hereunder or of any action taken upon or affecting any obligation or instrument hereby guaranteed, or any security for any such obligation or instrument, and likewise waives diligence in the collection of any obligation or instrument hereby guaranteed or of any security for the same, together with demand, presentment for payment, notice of non-payment protest and notice of protest. It is further agreed that the undersigned will pay any reasonable attorney's fees properly incurred by you in any proceeding to enforce this guaranty, either by action at law or otherwise.

"Dated Beverly Hills, California
"May 16th, 1929

> "(Signed)   E. F. CONSIGNY
> "(Signed)   W. H. SAGE"

On February 13, 1931, plaintiff loaned the sum of $131,750 to the Beverly Bond and Mortgage Company, Inc., which company thereupon executed and delivered its promissory note to plaintiff in words and figures following, to wit:

"Beverly Bond & Mtge. Co.          77968
$131,750.00   Los Angeles, California February 13th, 1931.

"On May 14th, 1931, for value received, ........ a corporation, promises to pay the Bank of America National Trust & Savings Association, successor to Bank of America of California, successor to Merchants National Trust and Savings Bank of Los Angeles or order at its office in this City, the sum of One Hundred thirty one thousand seven hundred fifty and no/100 Dollars, with interest thereon from date hereof until paid, at the rate of seven per cent per annum, payable monthly, and in case suit be brought hereon or an attorney be employed or expenses incurred to compel the payment hereof, a reasonable sum in addition as attorney's fees. Principal and interest payable only in gold coin of the United States of present standard. The makers and endorsers of this note hereby waive diligence, demand, presentment for payment, notice of nonpayment, protest and notice of protest.

"And the said corporation hereby pledges to and deposits with Merchants National Trust and Savings Bank of Los Angeles, as collateral security for the payment of this note, or any other liability or liabilities of the said corporation to Merchants National Trust and Savings Bank of Los Angeles, when due or to become due or which may hereafter be contracted, the following property, viz:

"As per General Pledge Agreement
the market value of which is now $    , with this condition, viz:

"That Merchants National Trust and Savings Bank of Los Angeles has the right to call at any time for such additional security as it may deem proper, and on failure to respond forthwith to such call, this obligation shall become immediately due and payable at the option of the holder hereof, and on the non-performance of this promise, or on the non-payment of any liability or liabilities above mentioned, the said Merchants National Trust and Savings Bank of Los Angeles, its agents, successors or assigns, is given full power and authority to collect or sell, assign and deliver the whole or any part of the above named securities, or any substitute therefor, or any addition thereto, at public or private sale, at any time or times hereafter, without demand, advertisement or notice—such demand, advertisement and notice being hereby expressly waived; and upon such sale the said Merchants National Trust and Savings Bank of Los Angeles, or the holder of this note, may become the purchaser of the whole or any part of such property, discharged from any right of redemption, and after deducting all legal or other costs and expenses for collection, sale and delivery, may apply the residue of the proceeds of such collection, sale or sales, to pay any, either or all of said liabilities as said Merchants National Trust and Savings Bank of Los Angeles, its successors or assigns, shall deem proper, returning the overplus to the undersigned. And the undersigned agrees to pay the holder of this note any deficiency upon demand.

"In Witness Whereof, the President and Secretary of said Corporation, under authority of a resolution passed by its Board of Directors, at a meeting thereof duly held on the          day of          192  , which resolution is still in

full force and effect, have hereunto signed the name of the corporation and affixed its corporate seal.·

"(Seal)   BEVERLY BOND AND MORTGAGE Co., INC.,
"By (Signed) E. F. CONSIGNY,
President,
"By (Signed) WM. GIBSON,
Secretary."

"P. O. Box 2A, Beverly Hills,
"X LC 90 das.

There was paid on account of principal and interest of said note the sum of $114,550.97, and it is not disputed that the Beverly Bond and Mortgage Company, Inc., was indebted to plaintiff at the time of the filing of the complaint in the sum of $17,199.03, with interest thereon at the rate of 7 per cent per annum from December 30, 1932, on account of such unpaid balance of principal and interest, as evidenced by said note.

The trial court found that by reason of the phraseology of the guaranty, hereinbefore set forth, the defendant was guaranteeing the indebtedness of Beverly Bond and Mortgage Company, Inc., only in the event the said plaintiff restricted and limited its loans to said Beverly Bond and Mortgage Company, Inc., to a sum not to exceed at any one time the sum of $75,000, and that said guaranty was void when more than $75,000 was loaned to said Bond and Mortgage Company.

The guaranty set forth herein is in a very unusual form, and we have not been cited to any case in which a similar contract of guaranty has been in controversy. We construe said guaranty to mean only that the defendant guaranteed any sum not exceeding the sum of $75,000, loaned by plaintiff to the Beverly Bond and Mortgage Company, Inc., and that the wording used in said guaranty merely *limits* the liability of the defendant to the sum of $75,000 under any circumstance.

If it had been intended by defendant that at no time should the bank allow any credit to the Beverly Bond and Mortgage Company, Inc., in a sum in excess of $75,000, and that in such case there should be no liability for any past or future indebtedness, it must be assumed that the parties would have expressly so stated in their contract, and therein

would have provided that in case of any such indebtedness of said Beverly Bond and Mortgage Company, Inc., to the bank, then the guaranty would be of no force or effect and should be immediately canceled. There is nothing in this contract to show that such was the intention of the parties, all of the limiting clauses of the guaranty being merely a restriction of the total liability of the defendant at any time to a sum not to exceed $75,000.

The judgment is reversed, and it is ordered that the trial court enter judgment in favor of the plaintiff and against the defendant for the sum of $17,199.03, together with interest thereon at seven per cent per annum from December 30, 1932, and that the court fix and determine such additional sum as attorney's fees as the court may adjudge reasonable, not exceeding the sum of $520, as prayed for in the complaint.

Doran, J., concurred.

Houser, P. J., concurred in the judgment.