[Civ. No. 11788. First Dist., Div. One. Aug. 29, 1941.]

BAYLE–LACOSTE & CO., INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

George J. Lacoste, Weinmann, Quayle & Berry, George P. Tobin and Harry A. Encell for Petitioner.

Clifford D. Good, George C. Hadley, Holloway Jones, Lincoln V. Johnson and Francis J. Carr for Respondents.

WARD, J.—This is a proceeding in *mandamus* to compel the respondent court to dismiss an action pending therein for failure to bring it to trial within five years after the filing of the complaint. (Code Civ. Proc., sec. 583.)

The action, brought by the people of the State of California by and through the Department of Public Works to condemn a right of way for highway purposes, was filed and summons issued on December 27, 1933. There were named as defendants approximately six individuals, ten corporations, five John Does and four fictitiously named corporations. Petitioner herein was not designated as a defendant under the name of Bayle-Lacoste & Co., Inc., a corporation. There is an allegation in the complaint that *"Parcel No. 4* (Described as Parcel No. 5 in resolution of condemnation in plaintiff's complaint) is owned by defendant John Lacoste." An answer and subsequent amended answer were filed by the executors of the estate of John Lacoste, also known as John B. Lacoste. Over five years and ten months later, as petitioner alleges: " . . . on October 2, 1939, petitioner, sued in said

action numbered civil 130405 under the fictitious name of Black-White Company, a corporation, appeared in said action by filing its answer therein.'' A fourth amended answer of Bayle-Lacoste & Co., Inc., petitioner herein, prays the judgment and decree of the superior court as follows: ''That this court ascertain and assess and award damages to this defendant in the sum of Sixty-five thousand seven hundred and seventeen and 97/100 Dollars ($65,717.97), together with interest'' etc. It is averred by petitioner that no stipulation was entered into in the condemnation proceeding between it and plaintiff waiving the provisions of Code Civ. Proc., sec. 583.

Respondents appeared herein by demurrer and answer, one of the grounds of demurrer being ''That it cannot be ascertained from the allegations contained in said petition whether or not there was an implied waiver of the provisions of section 583 of the Code of Civil Procedure, State of California, as between said petitioner and the plaintiff in the proceeding referred to in Paragraph II thereof.''

Section 583 is applicable in a suit in which the state is a party plaintiff (*Superior Oil Co.* v. *Superior Court*, 6 Cal. (2d) 113 [56 Pac. (2d) 950]) and may be invoked in a condemnation proceeding. (*City of Bell* v. *American States W. S. Co.*, 10 Cal. App. (2d) 604 [52 Pac. (2d) 503].)

The section is mandatory that the action shall be dismissed as to parties served, if not brought to trial within five years after the filing thereof, except where the parties have stipulated in writing that the time may be extended (*City of Bell* v. *American States W. S. Co., supra*; *Superior Oil Co.* v. *Superior Court, supra*; *Andersen* v. *Superior Court*, 187 Cal. 95 [200 Pac. 963]), but the rule is not so rigid that under certain circumstances, notwithstanding defendant's failure to appear before the expiration of the five year period, a party as plaintiff, cross-complainant or intervenor may not have the benefit of a ''waiver''. by his opponent. A party who, notwithstanding the absence of service of summons upon him, makes a general appearance, filing, after the five year period, an answer in which he seeks affirmative relief in damages, as in the present case, thus voluntarily becoming a party to the litigation, thereby impliedly waives objection to the jurisdiction of the court and to the right of dismissal based upon the record date of the ''commencement'' of the

action. In *Christin* v. *Superior Court*, 9 Cal. (2d) 526, 532 [71 Pac. (2d) 205, 112 A. L. R. 1153], the court said: "The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years, for it permits the parties to extend the period without limitation, by written stipulation. And, as we have already pointed out, despite the mandatory language implied exceptions are recognized." (*Johnston* v. *Baker*, 167 Cal. 260 [139 Pac. 86].)

The determination of the question herein cannot ignore principles of law and equity as they bear upon the actions of the parties. (*Lake* v. *Superior Court*, 39 Cal. App. (2d) 247 [102 Pac. (2d) 1107].) The statute is not inflexible. (*Larkin* v. *Superior Court*, 171 Cal. 719 [154 Pac. 841, Ann. Cas. 1917D, 670].) It has been held that the dismissal of an original complaint and answer under the mandatory provisions of sec. 583, does not necessarily require the dismissal of a cross-complaint and answer where the issues joined are separate, distinct and severable. (*Pacific Finance Corp.* v. *Superior Court*, 219 Cal. 179 [25 Pac. (2d) 983, 90 A. L. R. 384].)

Further exceptions appear as follows: A partial trial within five years and a continuance by consent of the parties is not within the statute (*City of Los Angeles* v. *Superior Court*, 15 Cal. (2d) 16 [98 Pac. (2d) 207]) ; there is a possibility of a waiver by estoppel if there is a written stipulation (*Miller & Lux, Inc.*, v. *Superior Court*, 192 Cal. 333 [219 Pac. 1006]) ; a written stipulation may be in the form of a letter, and if it is uncertain in effect the trial court's interpretation on a motion to dismiss is binding on a reviewing court (*Bank of America* v. *Superior Court*, 22 Cal. App. (2d) 450 [71 Pac. (2d) 296]) ; time consumed by appeal is not counted within the five year period (*Christin* v. *Superior Court, supra*).

Section 583 provides that a stipulation must be in writing (*Miller & Lux, Inc.*, v. *Superior Court, supra*), but there is no provision that the writing must be in any particular form. When it definitely appears from any written document or documents that a waiver of the five year period is intended, it is sufficient. (*Bank of America* v. *Superior Court, supra*, citing *Miller & Lux, Inc.*, v. *Superior Court*,

*supra*; *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616].)

 If the stipulation may be in the form of a letter, and the conduct and intent of the parties may be considered, it seems reasonable to conclude that the voluntary appearance of a party after five years has elapsed may indicate a waiver of the provisions of the section.

 A condemnation action is a proceeding *in rem.* The filing of the complaint, and not the issuance of summons, vests the court with jurisdiction. Jurisdiction of the subject matter is not conferred by consent of the parties. Its origin is in the provisions of the Constitution (Const., art. I, sec. 14; art. XII, sec. 8), to be exercised in the manner provided in Part III, Title VII of the Code of Civil Procedure. " . . . jurisdiction over the person may be acquired by service of process, by consent, by general appearance, or by waiver through a failure to seasonably object." (*Harrington* v. *Superior Court,* 194 Cal. 185, 191 [228 Pac. 15].) In the same case, at page 192, the court said: "From the foregoing it appears that differing from an ordinary action (sec. 405, Code Civ. Proc.) it is prescribed that a proceeding in condemnation must be commenced by filing a complaint and issuing a summons. The question to be first decided is whether the requirement of sec. 1243, that a summons be issued, is necessary to the vesting of jurisdiction of the subject matter. In other words, is the court without jurisdiction to act at all if the summons is not issued, or is the requirement to be confined, as in other forms of action, to jurisdiction over the person? If the alternative is to be accepted, then the court had complete jurisdiction of the subject matter by the filing of the complaint and over the person by the appearance of petitioner. At common law process was necessary before jurisdiction of the subject matter attached, but since the whole system of common-law writs is abolished and only one form of action is now permitted, the issuance of the writ does not determine jurisdiction; it is the filing of the complaint. We think it clear from the context of the statute and the purpose to be served by the issuance of summons it was not intended that if the defendant appeared the issuance of the summons would be necessary to the vesting of jurisdiction, but that the only purpose of the requirement, besides providing a mode for the giving of notice,

is to fix the date at which the value of the land is to be assessed (sec. 1249)."

All actions must be dismissed if summons has been served and no answer filed, plaintiff having failed to have judgment entered within three years after the service of summons. (Sec. 581a.) An action may in the discretion of the court be dismissed for want of prosecution when there has been a failure to bring it to trial within two years after its filing (sec. 583), but all actions may be prosecuted, in the same manner as if summons had been issued and served (Code Civ. Proc., sec. 581a), if appearance is voluntarily made within three years.

In *Lindsey* v. *Superior Court,* 100 Cal. App. 37 [279 Pac. 837], an action was commenced on November 10, 1925, but no summons served. On June 26, 1928, an amended complaint was filed, and subsequently a further amended complaint to which defendants demurred and filed an answer. On December 18, 1928, the parties proceeded to trial. During the trial a further amendment of the complaint became necessary to conform to the proof, at which time defendants moved to dismiss upon the ground that more than three years had elapsed since the filing of the original complaint, and, the summons not having been served, the court, under the provisions of sec. 581a, was without jurisdiction to proceed. On appeal the court said (p. 41) : "Here the defendants voluntarily appeared within the three-year period and answered to the merits the amended complaint, which stated a cause of action in favor of the ward. As was said in *Nisbet* v. *Clio Min. Co.,* 2 Cal. App. 436, 442 [83 Pac. 1077, 1080], 'Courts under the reformed system of procedure look to the substance of things rather than to form, and to persons and things rather than to mere names. This manner of treating things constitutes the life and spirit of the reformed system of procedure (*Anglo etc. Co.* v. *Turner Casing Co.,* 34 Kan. 340 [8 Pac. [403] 404]). That system was designed to enable courts of justice to brush aside technicalities affecting no substantial right, and decide cases upon the merits.' "

However, this is not a petition involving the dismissal of an action after summons served and no answer filed within three years, nor one involving the discretionary power of the court to dismiss if not brought to trial within two years, nor one in which an appearance is voluntarily made within three years.

This case presents the problem not of jurisdiction over the subject matter for five years, but lack of jurisdiction over a particular defendant, petitioner herein, through non-service of summons, until such defendant voluntarily appeared after the five year period. The Lindsey case is cited to indicate that litigants may not close their eyes to substantial facts and rely upon mere technicality. The section under consideration was not intended arbitrarily to terminate the proceedings at the end of five years under all circumstances. (*Christin* v. *Superior Court, supra.*)

A voluntary appearance generally of a defendant is a waiver of service of summons and of any defect therein. (Code Civ. Proc., sec. 416; *Carpenter* v. *Pacific Mut. L. Ins. Co.,* 13 Cal. (2d) 306 [89 Pac. (2d) 637].) The filing of an answer is a general appearance. (Code Civ. Proc., sec. 1014.)

A party may appear though he is not named in the complaint. In *Farmers etc. Nat. Bank* v. *Peterson,* 5 Cal. (2d) 601, 606 [55 Pac. (2d) 867], the court said: "The defendants complain that trustee Boothe, who appeared voluntarily and filed his answer, was not properly a party defendant because he was not named as a party in the complaint or the amended complaint, and that consequently the judgment against him is void. There is, of course, no merit to the point. Boothe invoked the judgment of the court by his voluntary appearance, and may not now be heard to deny the jurisdiction of the court to render such judgment. (*Tyrrell* v. *Baldwin,* 67 Cal. 1, 4 [6 Pac. 867]; sec. 416, Code Civ. Proc.) His voluntary appearance must be deemed to be a waiver of any failure to name him as a defendant. (*Eastern Outfitting Co., Inc.,* v. *Myers,* 39 Cal. App. 316 [180 Pac. 669].)"

In the condemnation proceeding here sought to be dismissed, the defendant, petitioner herein, accepted the jurisdiction of the superior court by filing its answer. It is true that such answer was filed over five years after the date of the commencement of the action. It is also true that defendant was not specifically named in the complaint, but voluntarily appeared and alleged that it was "sued herein as Black-White Company, a corporation." Its conduct indicated an intent to submit the issues on the merits, otherwise it could have appeared and requested a dismissal upon the ground that the summons had not been served within three years. (Code Civ. Proc., sec. 581a.) But the defendant evidenced its intention

to present a defense by filing an amended answer. As stated, ·the record shows that the fourth amended answer is now on file. Litigants should not be permitted to inject themselves into a controversy, raise issues therein and then change position and seek to avoid the contest. Assuming that petitioner on its first appearance was entitled to raise a jurisdictional question, there appears to be a waiver by failure to seasonably object. (*Harrington* v. *Superior Court, supra.*)

■■■ Granting that in certain circumstances a defendant is not required immediately to move under the provisions of sec. 583, but may avail himself of the rights conferred by the provisions of that section at any time after the expiration of five years from the commencement of the action, still we are confronted with another phase of the facts in 'this case, namely, that the defendant prays for damages as a tenant under an oral lease of the parcel of land in controversy upon the allegation that the improvements thereon are necessary to the operation of its business. In an ordinary action, the claim for damages would properly appear in a cross-complaint, but in eminent domain proceedings a special provision permits a defendant to set forth in an answer the estate or interest claimed in the parcel of property involved, and the amount of damages accruing as a result of a condemnation judgment. (Code Civ. Proc., sec. 1246.) Thus, a defendant is allowed to pray for affirmative relief in an answer. ■■■ Whether the document filed is designated an answer or a cross-complaint, if it asks for affirmative relief in damages the general rule is that the action may not be dismissed without the consent of the party from whom damages are sought.

■■■ It was the privilege of the plaintiff, by service of summons, to identify the parties designated under fictitious names. If any party appeared improperly, plaintiff had a right to move to strike his pleading from the file. (*Mercantile T. Co.* v. *Stockton etc. Co.*, 44 Cal. App. 558 [186 Pac. 1049].) ■■■ Its failure within a reasonable period to move to strike the answer from the file was an admission that defendant, sued under a fictitious name, was a party to the action from its commencement (*Day* v. *Western Loan & Building Co.*, 42 Cal. App. (2d) 226 [108 Pac. 702]), and an acquiescence in its appearance in that capacity. No objection was presented by plaintiff upon which the superior court could act. (*Mullia* v. *Mayer*, 217 Cal. 209 [17 Pac. (2d) 705].)

On the contrary the conduct of both plaintiff and defendant (*Sax* v. *Clark,* 180 Cal. 287 [180 Pac. 821]) indicates a waiver of any question of the propriety of the appearance of the latter. *Dowling* v. *Superior Court,* 122 Cal. App. 443 [10 Pac. (2d) 197], cited by petitioner is not in point. The petitioner in that case was not a party and had no knowledge of a stipulation to continue the trial of the action. A careful reading of the opinion indicates that it was the view of the court that sec. 583 was applicable only to those making an appearance prior to the termination of the five year period. "There is, moreover, nothing in the wording of the statute in question to deprive the court of jurisdiction upon the mere lapse of five years." (*Rio Vista Min. Co.* v. *Superior Court, supra,* p. 5.)

The record herein discloses that other parties named as defendants in connection with the particular parcel of property here involved, stipulated in writing to a continuance of the trial beyond the five year period. Had the case proceeded to trial, and it appeared that a complete determination of the controversy could not be had without the presence of petitioner herein, and Bayle-Lacoste as an interested party did not make application therefor, it would have been the duty of the trial court to have ordered such party brought in and if necessary to that end, to have ordered amended and supplemental pleadings. (Code Civ. Proc., sec. 389.) In *Ambassador Petroleum Co.* v. *Superior Court,* 208 Cal. 667, 671 [284 Pac. 445], the court said: "Whether 'a complete determination of the controversy cannot be had without the presence of other parties' may readily involve questions of fact as to which the discretion of the court might be exercised. But when the trial court finds, or the record indisputably shows, that a 'complete determination of the controversy cannot be had without the presence of other parties,' such parties become necessary and indispensable parties and the section is mandatory and the question then becomes one of jurisdiction in that the court may not proceed without bringing them in." (*Hartman Ranch Co.* v. *Associated Oil Co.,* 10 Cal. (2d) 232 [73 Pac. (2d) 1163].) If in the condemnation proceeding the allegations of the answer are correct, a judgment in favor of plaintiff would affect the rights of petitioner herein. (*Bank of California* v. *Superior Court,* 16 Cal. (2d) 516 [106 Pac. (2d) 879].)

■ Another feature of the present proceeding is worthy of mention, namely, the futility of a dismissal of the action. The jurisdiction of the subject matter was obtained by filing the complaint. Jurisdiction of the petitioner herein was not obtained until it appeared voluntarily in the superior court proceedings and filed its answer. (*Harrington* v. *Superior Court, supra*; *People* v. *Southern Pacific R. R. Co.*, 17 Cal. App. (2d) 257 [61 Pac. (2d) 1184].) While the answer does not specifically aver that the complaint is defective in its allegations of title as to the particular parcel of land, nevertheless it is based upon such contention, that is, that Bayle-Lacoste & Co., Inc., has some interest in the parcel which is not set forth in the complaint. Section 1250, Code Civ. Proc., provides: "If the title attempted to be acquired is found to be defective from any cause, the plaintiff may again institute proceedings to acquire the same, as in this title prescribed."

■ It is our conclusion that where it is legally impossible to bring condemnation proceedings to trial within the statutory period designated in section 583, the voluntary appearance of a defendant, subsequent to the five year period as fixed by the filing of the complaint, waives the provisions of that section. In addition, as to this proceeding, as evidenced by the filing of at least four amended answers, the petitioner is, or claims to be, a necessary and indispensable party to the action. The filing of an amended complaint may not prolong the period (*Rosefield Packing Co.* v. *Superior Court*, 4 Cal. (2d) 120 [47 Pac. (2d) 716]), but no more binding stipulation waiving the time could have been written into the records of this proceeding than is constituted by the filing by petitioner of its answer, amended answers, and the acquiescence of plaintiff in such appearance.

Petitioner's demurrer to the answer to the petition for the writ is overruled. Respondents' demurrer to the petition is sustained, the alternative writ is discharged and the peremptory writ denied.

Peters, P. J., and Knight, J., concurred.