[Civ. No. 6375. Fourth Dist. Jan. 30, 1961.]

W. LEE GORDON et al., Appellants, v. THE CITY COUNCIL OF THE CITY OF SANTA ANA et al., Respondents.

Arthur M. Bradley for Appellants.

John K. Colwell, Early, Maslach, Foran & Williams and Miller, Nisson, Kogler & Wenke for Respondents.

COUGHLIN, J.—The issue on this appeal is whether the City Council of the City of Santa Ana had jurisdiction to adopt a resolution granting a variance under the zoning ordinance of that city.

This issue heretofore was presented to the trial court by a petition for a writ of mandate; the petitioners, who are the appellants herein, contended that the city council did not have such jurisdiction; the trial court decided contrariwise; and from the judgment which ensued, this appeal has been taken.

Farmers Underwriter's Association, a corporation, filed a verified application with the city planning commission for a zoning variance which would permit it to construct an office building with adjacent parking facilities upon property zoned for residential use. This property was a part of two parcels of land owned by persons named Lacy, Salveson and Darnell. Attached to the application was a tentative tract map, designated "Tract No. 3374." Together the two parcels form a right-angle triangle consisting of approximately 20.2 acres, bounded along the hypotenuse thereof by the Southern Pacific Railroad right-of-way which, in turn, adjoins the Santa Ana Freeway, and along its west side by Flower Street, a north-south thoroughfare. Within the perimeter of the two parcels, as shown on the map, there is a smaller triangle which the parties refer to as the inner triangle. The outside boundaries of the two parcels are referred to as the outside triangle. Although a subject of dispute, it is apparent that the application for the variance applied only to the land within the inner triangle. The land between the perimeters of the two triangles was to remain within the residential zone and the tentative tract map indicated a subdivision of this property into residential lots. The tract map also indicated the presence of prospective streets and alleys which would serve these lots. One of these streets would afford a means of ingress and egress to and from the inner triangle.

Preliminary to a hearing before the city planning commission, notice thereof was given to the owners of all lands within a radius of 300 feet from the inner triangle. The notice requirements of the ordinance are considered hereinafter.

At the hearing contestants to the application urged denial thereof on the ground, among others, that the owners of the property had not signed the application. The hearing was continued and, prior to the continuance date, the owners Lacy and Salveson attached their verifications to the application. Salveson and Darnell were joint owners of one of the parcels; but Darnell's verification was not attached; and this fact is urged as one of the grounds establishing a lack of jurisdiction in the city council.

Upon conclusion of the hearing the planning commission,

by a four to three vote, recommended a denial of the application.

In due course, the matter was presented to the city council which, after a further hearing, by a vote of four to one, adopted a resolution granting the variance upon certain conditions. Among others, one of the conditions required the filing and approval of the tract map for "Tract No. 3374," and another required the submission and approval of a site plan.

Appellants contend that the city council did not have jurisdiction to grant a variance because the procedural provisions of the ordinance respecting the same were not complied with in that (1) the application was not signed by the property owners, (2) a site plan and specifications were not attached thereto, and (3) notice of hearing was not given as required.

The granting of a variance is an administrative function; the authority therefor must be founded upon the zoning ordinance involved; and the manner of exercising that authority must conform to the provisions of the same ordinance. (*Johnston* v. *Board of Supervisors,* 31 Cal.2d 66, 73 [187 P.2d 686].)

With respect to the provisions applicable to the issues in this case, the ordinance in question is loosely drawn; defies workability with strict construction; and requires interpretation of specific provisions in the light of an intent gathered from the whole.

In substance, appellants claim that the provisions of section 9114 of that ordinance govern the initiation of any proceeding to effect the granting of a variance thereunder, and that strict compliance with these provisions is jurisdictional to any such action. Section 9114 provides:

"When practical difficulties, unnecessarily severe hardships or results inconsistent with the general purpose of this Chapter occur through the strict interpretation of the provisions hereof, the Planning Commission upon its own motion or upon the verified petition of any property owner may recommend that the Council grant such variance. . . ."

It should be noted that this section of the ordinance does not refer to the initiation of a proceeding to effect a variance, but rather purports to confer authority upon the planning commission to recommend the granting of a variance; provides that action thereunder may be initiated by the commission on its own motion as well as upon the verified application of a property owner; and does not limit the person making such an application to the owner of the property to be affected

by the variance but authorizes "any property owner" to do so. From the ordinance as a whole it appears that proceedings with respect to a variance thereunder may be initiated by the planning commission of its own motion or by the verified petition of a property owner; that a hearing concerning the matter must be held before such commission, after the giving of notice as therein prescribed; that following such hearing the commission shall make its recommendation to the council with respect thereto; and that thereupon the council may make its decision in the premises.

In the case at bar, the application as originally presented purported to be made by the Farmers Underwriter's Association, a corporation, and was verified by an officer of that corporation. The Farmers Underwriter's Association did not own the property described in the application; the petition indicated this fact and set forth the names of the owners; the attached verification stated that the association was the prospective owner of the property, although in fact it was being acquired by an affiliate under an escrow providing that the sale thereof was conditioned upon the granting of a variance which would permit the construction of the office building and parking facilities in question. The application was accepted by the planning commission and filed. The matter was set for hearing; notice thereof was given; approximately 100 protestants were present and a petition containing 341 signatures in protest was filed; as heretofore noted, objection was made respecting the lack of owner signatures; and the matter was continued to permit further study. Thereafter, the owner verifications heretofore referred to were executed by Salveson and Lacy; were attached to the original application; each referred to that application; and each, among other things, was directed to the "argument in behalf of the application *herewith requested.*" (Emphasis added.) Thereafter the second hearing was held; more protestants were present than at the first hearing; and the number of protesting signatures had been increased to 654. The commission found, in substance, that the application was properly signed; and that proper notice was given; but recommended that the application be denied "on the grounds that it is not good planning."

Neither party to the instant proceeding has attached any importance to the provisions of the ordinance authorizing the planning commission to initiate variance proceedings on its own motion. If the proceedings under review were not initiated by a property owner, for jurisdictional purposes they

were initiated by the commission on its own motion. The commission gave notice of a hearing; conducted a hearing; and acted. The fact that it was prompted to do so by an inadequate application does not detract from its jurisdiction to do so without any application.

Furthermore, we are of the opinion that the position of the city council respecting the sufficiency of the application for jurisdictional purposes is well taken. Before the final hearing the signatures of the owners of the property had been attached to the petition through their verification. They indicated in these verifications that they were requesting the application. The trial court found that "the application was made by the record owners of the property" and "the application was properly signed by the owners of the property to be zoned." Although the court found that the application was filed by the Farmers Underwriter's Association, nowhere is there a finding that the corporation filed the same only on its behalf. Implicit in the findings is the determination that the application was made on behalf of the owners as well as on behalf of the corporation.

"Findings of fact must be liberally construed to support the judgment." (*Johndrow* v. *Thomas,* 31 Cal.2d 202, 207 [187 P.2d 681].)

Moreover, " . . . a judgment will not be set aside on appeal because of a failure to make an express finding upon an issue if a finding thereon, consistent with the judgment, results by necessary implication from the express findings which are made." (*Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593].)

The subsequent signing of the original application, through the attached verifications, was equivalent to and constituted an amendment thereof which the trial judge, in his oral opinion, indicated was a procedure analogous to that used in pleadings. Under appropriate circumstances, a complaint may be amended by substituting parties plaintiff (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 21 [108 P.2d 906, 135 A.L.R. 318]; *Lindsey* v. *Superior Court,* 100 Cal.App. 37, 40 [279 P. 837]); by adding parties plaintiff (*Ruiz* v. *Santa Barbara Gas etc. Co.,* 164 Cal. 188, 194 [128 P. 330]; *Curtis* v. *Nye & Nissen,* 86 Cal.App. 507, 513 [261 P. 747]); by correcting the names of parties plaintiff (*Reclamation Dist. No. 673* v. *Diepenbrock,* 168 Cal. 577, 579 [143 P. 763]); or by correctly stating the status of parties plaintiff (*Thorpe* v. *Story,* 10 Cal.2d 104, 114 [73 P.2d 1194]). Such amendments do not

affect the previously attached jurisdiction of the court. (*Ruiz v. Santa Barbara Gas etc. Co., supra,* 164 Cal. 188, 194; *Lindsey v. Superior Court, supra,* 100 Cal.App. 37, 40.) Although the opinion of a trial judge may not be used to vary or modify the findings made, it may be referred to as interpretive of those findings. (*Union Sugar Co. v. Hollister Estate Co.,* 3 Cal.2d 740, 750 [47 P.2d 273]; *Arvin-Kern Co. v. B. J. Service, Inc.,* 178 Cal.App.2d 783, 793 [3 Cal.Rptr. 238]; *Moore v. Ojai Improvement Co.,* 152 Cal.App.2d 124, 128 [313 P.2d 47].) ▬▬ We conclude therefore that the trial court found that the original application was made by the owners as well as by the Farmers Underwriter's Association; that attaching the additional signatures thereto constituted an amendment which did not change the nature of the proceedings contemplated by the original petition; and that jurisdiction to proceed was acquired upon the filing of the original application.

Appellants cite the case of *Minney v. City of Azusa,* 164 Cal.App.2d 12 [330 P.2d 255], in support of their position. The facts in the cited case are clearly distinguishable from those in the case at bar in three specific areas: (1) The owner of the property there under consideration never attached his name to the application; (2) there was no finding that the application was made by the owner; and (3) the question of jurisdiction was not raised. The application of the appellant in the cited case, a nonowner, was denied by the commission and the council; one of the reasons which the court cited in support of such denial was the fact that he had no right to request a variance; there was no determination that the commission or the council did not have jurisdiction to act.

▬▬ Appellants argue that, regardless of the foregoing circumstances, all of the owners did not apply for the variance because a cotenant of one of the parcels involved did not attach his signature to the application. Even assuming that compliance with the ordinance, wherein it refers to the "verified petition of *any* property owner" requires a verified petition by *all* of the owners of the property subject to the proposed variance, the contention of appellants is without merit. (Emphasis added.) ▬▬ Although one coowner, without special authority, may not act for another coowner and bind their entire estate with respect to matters which constitute a burden upon their property (*Mulligan v. Smith,* 59 Cal. 206; *Fallbrook Irr. Dist. v. Abila,* 106 Cal. 355 [39 P. 794]), the consent of one will be deemed to be the consent of both as

to matters which constitute a benefit in favor of their property. (*Los Angeles Lighting Co.* v. *Los Angeles,* 106 Cal. 156, 159 [39 P. 535]; *Morin* v. *City Council,* 109 Cal.App.2d 268, 271 [240 P.2d 688].) If the granting of a variance was a condition precedent to culmination of the sale to which all of the owners had agreed, the proceeding taken to effect the same must be considered beneficial to their mutual interest. There is no showing that the coowner Darnell objected in any manner to the proceedings in question. The findings of the trial court in the premises is adequately supported by the evidence.

 Appellants also object to the sufficiency of the application because a site plan and specifications were not attached thereto; claim that the commission's regulations require such; and that compliance with these regulations is jurisdictional. Even if compliance is jurisdictional, which is arguable, the facts do not support appellants' position. It is true that no site plan or specifications were attached to the application; also that the form of application provided by the commission directed that such a plan and specifications should accompany the same. However, there is no showing that such a requirement actually existed or, if it did exist, that it was without exception and not subject to waiver by the commission. As heretofore noted, the application was received, filed and acted upon by the commission; it made no objection regarding any insufficiency therein; to the contrary, a certificate attached thereto indicates it had been examined by an authorized representative of the commission and "found to be thorough and complete in every particular and to conform to the rules and regulations of the City Planning Commission governing the filing of such application." Section 9116 of the ordinance permits the commission to prescribe a form to be used in making variance applications; directs that it may require the filing of "any plans, profiles, elevations or specifications necessary for a full understanding" thereof; and provides that "no petition shall be received unless it complies with such requirements." Appellants claim that once the commission prescribed the form to be used and indicated therein its requirements respecting the filing of plans, its authority in the premises had been exhausted and that it had no authority to receive a petition which did not comply therewith. This contention is without merit. The authority conferred upon the commission was not so limited. It was authorized to require the filing of plans and specifications in its discretion,

and the fact that it accepted and acted upon the instant application supports an inference that the requirements noted in the application form were not mandatory. There was no evidence of the adoption of any regulation upon this matter by the commission.

Appellants' contention with respect to the insufficiency of the notice of hearing before the planning commission is based on the premise that the property involved in the application was the whole of the two parcels described, and not only the inner triangle upon which the office building and parking facilities were to be constructed. Section 9115 of the ordinance directs that notice be given to the owners of all lots within 300 feet of the exterior boundaries of the property to which the application applies. Notice was sent to the owners of property within a 300-foot radius of the inner triangle. Although the application refers to and describes the two parcels which constitute the larger triangle there is no doubt that the request for a variance applies only to that portion thereof within the inner triangle. Section 65951 of the Government Code, which covers the same subject matter, as it existed at the time in question (Stats. 1957, ch. 798, p. 2011), was more specific than the aforesaid section of the ordinance. It provided for notice to all property owners within the 300-foot radius of "the exterior boundaries of the *area actually occupied or to be occupied* by the use which is the subject of the hearing." (Emphasis added.) Appellants make the further claim that notwithstanding the fact that the office building and parking facilities are to occupy only the inner triangle, the application applied to land without that triangle because the insurance company intends to use a part of the space between the perimeter of the inner triangle and the perimeter of the outer triangle as a way of ingress and egress. The resolution granting the variance does not authorize the use of any residential property for any easement purposes. As a condition to the granting of the variance the city council required that the subdivision map of "Tract No. 3374" should be filed and approved. This tract map provides for a roadway which will service the residential lots delineated thereon and also may be used as a means of ingress and egress to and from the insurance company's facilities. The resolution, however, does not purport to grant a variance with respect to the property occupied by this roadway. The roadway will become such only through the process of law effecting a dedication. Until that time the land subject to the proposed dedica-

690

tion will retain the same zoning character now assigned to it. The requirements of the law with respect to notice were complied with and appellants' contentions in regard thereto are without merit.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 29, 1961.