[Civ. No. 8475.  Fourth Dist., Div. One.  Aug. 4, 1967.]

WALTER BRODERICK & ASSOCIATES, INC., Plaintiff and Respondent, v. MONTE VISTA LODGE et al., Defendants and Appellants.

Rubin, Seltzer & Solomon and Herbert J. Solomon for Defendants and Appellants.

Higgs, Jennings, Fletcher & Mack, Frederick G. Tellam, Carstens, Todd, Wright & Toothacre and Edward M. Wright for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Defendant Noel Tweed is president, defendant attorney Kenneth A. Barwick, secretary, defendant David L. Long, treasurer, and defendant Larkin M. DeHart, a director of defendant Monte Vista Lodge, a California corporation. All four individual defendants and the corporation appeal from a judgment against them for $25,894, plus $1,000 attorneys' fees. The plaintiff concedes the impropriety of the attorneys' fees against the corporation. The liability of the defendant corporation for the principal sum is unquestioned. The only issue is the liability of the individual defendants based upon their guarantee of the corporation's obligations.

On July 1, 1964, the corporation purchased furniture and furnishings from plaintiff, obligating itself for security purposes under a conditional sales contract. Noel Tweed and Kenneth A. Barwick signed for the corporation. The time sale price was $76,687.48, payable in 35 monthly installments of $1,853, and a final installment of $1,832.48.

The next day, July 2, 1964, the individual defendants executed the following:

### "Continuing guarantee

"For valuable consideration, the undersigned, jointly and severally, unconditionally guarantee and promise to pay to Walter Broderick and Associates, Inc., Interior Designers, La Mesa, California, in lawful money of the United States, any and all indebtedness of Monte Vista Lodge, specifically described in Conditional Sales Contract dated July 1, 1964, for furniture, draperies, window coverings, hardware and installation.

"The liability of Guarantors shall not exceed at any one time the sum of $70,000.

"Guarantors agree to pay a reasonable attorney's fee and

all other costs and expenses which may be incurred by Walter Broderick and Associates in the enforcement of this Guarantee.

"In witness whereof, the undersigned Guarantors have executed this Guarantee this 2 day of July, 1964.

/s/ Kenneth A. Barwick, Sec.
Noel Tweed, Pres.
David L. Long, Treasurer
Larkin M. DeHart, Director"

To correct errors of listed furniture and mathematical calculations, Noel Tweed and Kenneth A. Barwick, for defendant corporation, signed another conditional sales contract dated August 14, 1964, covering the same and additional furniture and furnishings, and providing a time sale price of $94,721.84 payable in 35 monthly installments of $2,354, and a final installment of $2,331.84. A July 1 date on the second conditional sales contract was struck; the August 14, 1964, date replaced it.

The trial court found, among other things, the August 14, 1964, conditional sales contract gave rise to an indebtedness which included in its entirety the indebtedness described in the July 1, 1964, conditional sales contract; all the parties intended the guarantee of July 2, 1964, to relate to and be security for the indebtedness described in the August 14, 1964, conditional sales contract; no prejudice to the individual defendants resulted by executing the August 14, 1964, conditional sales contract; the plaintiff entered into both conditional sales contracts in reliance upon the guarantee of the individual defendants.

The individual defendants contend they were released from liability under the guarantee agreement by the termination of the July 1, 1964, conditional sales contract, and exonerated from liability by the modification of its terms in the August 14, 1964, conditional sales contract, citing Civil Code, section 2819 and case authority.

The guarantee agreement did not clearly define the obligation the satisfaction of which was guaranteed; was ambiguous in this respect; and was subject to interpretation. The trial court found the parties intended the obligation covered by the guarantee was the indebtedness described in the July 1, 1964, sales contract, which was included in the August 14, 1964, sales contract. Findings must be construed to support the judgment. (*Johndrow* v. *Thomas*,

31 Cal.2d 202, 207 [187 P.2d 681].) Considered in the light of the oral opinion of the trial judge rendered upon submission of the case,[1] the substance of the foregoing finding is that the obligation in question was the amount of the indebtedness for the purchase of merchandise described in the July 1 contract without relation to the time or manner of payment of that indebtedness as provided in that contract. Stated otherwise, the court concluded the parties to the agreement intended the guarantors would pay the amount of the indebtedness incurred by the purchase of the merchandise described in the July 1 contract whenever the debtor defaulted in the payment of that indebtedness. (*Sather Banking Co.* v. *Arthur R. Briggs Co.*, 138 Cal. 724 [72 P. 352]; *Everts* v. *Matteson*, 21 Cal.2d 437 [132 P.2d 476].) Any agreement between the plaintiff and the debtor respecting the time or manner of payment, which would include the time and amount of installment payments provided by the contract, was subject to change without changing the obligation which was the subject of the guarantee. For this reason execution of the contract of August 14, 1964, incorporating another indebtedness of the debtor and providing for the time and method of payment of the total did not constitute an alteration of the obligation of the debtor effecting exoneration of the guarantors under the provisions of Civil Code, section 2819.

Under settled law, inclusion of an additional indebtedness in the August 14 contract did not effect exoneration of the guarantors. (*Berg Metals Corp.* v. *Wilson*, 170 Cal.App. 2d 559, 569-571 [339 P.2d 869]; *Bank of America etc. Assn.* v. *Sage*, 13 Cal.App.2d 171, 175 [56 P.2d 565].)

The August 14 contract evidenced, secured and provided for the time and amount of installment payments upon the indebtedness the payment of which was guaranteed by defendants and an additional indebtedness previously incurred and mistakenly omitted from the July 1 contract. There is no evidence of the specific application of the installment payments under this contract to a particular indebtedness included in that contract. Under these circumstances, a court will apply the payments first made upon the unguaranteed indebtedness. (Civ. Code, § 1479, subd. Three, 4; *Cali-*

---

[1]The oral opinion of a judge may be considered in construing his findings. (*Gordon* v. *City Council*, 188 Cal.App.2d 680, 687 [10 Cal.Rptr. 776]; *Arvin-Kern Co.* v. *B. J. Service, Inc.*, 178 Cal.App.2d 783, 793 [3 Cal.Rptr. 238].)

*fornia Nat. Bank* v. *Ginty,* 108 Cal. 148, 153 [41 P. 38]; *Murdock* v. *Clarke,* 88 Cal. 384, 389-392 [26 P. 601]; *Bank of America etc. Assn.* v. *Kelsey,* 6 Cal.App.2d 346, 351-352 [44 P.2d 617].) The conclusion that the amount of the indebtedness unpaid from the debtor to plaintiff was a part of the indebtedness described in the guarantee conforms to the law and the facts in the premises.

Three of the guarantors, as officers of the defendant corporation, and one as a director, were chargeable with knowledge of the change from the July 1 contract to the August 14 contract. It was, therefore, their responsibility to notify plaintiff of their claim of exoneration or be estopped to deny their liability. (*Christie* v. *Commercial Cas. Ins. Co.,* 6 Cal.App.2d 710, 719-720 [45 P.2d 263].)

Defendants do not develop their bold assertion some of the findings are not "fully supported" by the evidence. Substantial evidence and not full support, furthermore, is required. Neither do defendants develop their statement the findings do not cover the material features of the case.

The judgment is modified by deleting attorneys' fees of $1,000 against the defendant corporation, and as modified, is affirmed. Defendants to bear costs.

Coughlin, J., and Lazar, J. pro tem.,* concurred.

A petition for a rehearing was denied September 1, 1967, and appellants' petition for a hearing by the Supreme Court was denied September 27, 1967.

---

*Assigned by the Chairman of the Judicial Council.