[Civ. No. 2131. Third Appellate District.—November 29, 1920.]

FRED H. HOLM, Respondent, v. J. S. BURNELL et al., Appellants.

[1] CONTRIBUTION—DEFENSE TO ACTION—STATUS OF SURETIES — CONFLICT OF EVIDENCE—FINDING—APPEAL.—Where in an action for contribution the evidence is conflicting as to the defense that the defendants by mutual agreement were merely sureties for the plaintiff and not liable to contribution, the appellate court is bound by the finding of the trial court.

[2] ID.—NOTICE OF PAYMENT AND DEMAND.—Obligors on a joint and several promissory note are not entitled to notice of payment and demand for contribution by one of their number.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

H. L. Ford and J. S. Burnell for Appellants.

Pierce H. Ryan for Respondent.

PREWETT, P. J., *pro tem.*—Action for contribution by one obligor on a joint and several promissory note against his co-obligors. The execution of the note and its payment by the plaintiff are conceded facts. It is necessary to go back into the early stages of the transaction to ascertain the present relation of the parties.

In January, 1917, the parties plaintiff and defendant were and yet are stockholders in a corporation. This corporation on said date borrowed from the First National Bank of Eureka the sum of $2,000, and, as evidence of its obligation to repay the same, executed its corporate promissory note to said bank in said sum of $2,000, with interest at the rate of six per cent per annum compounded quarterly. In July of the same year, the note remaining wholly unpaid, the parties plaintiff and defendant herein, upon the demand of the bank and to prevent a suit to collect the note, executed to the bank their joint and several promissory note of like tenor and effect. The former note was delivered up to the corporation. This last note, dated in July, 1917, is the note in suit.

[1] The defendants offer the defense that they were, by mutual agreement and understanding, merely sureties for the plaintiff and hence not liable to contribution. The point may be disposed of with the single observation that the evidence upon the point is conflicting and that an appellate court is bound by the finding of the trial court. This finding is adverse to the defendants. It may be added that the testimony of witnesses and evidence of the surrounding circumstances abundantly justify the finding. The claim of the defendants that the plaintiff, to gain to himself the trifling advantage of a period of

delay, would undertake to bear the entire burden of a $2,000 note is so contrary to ordinary experience that it would require quite persuasive evidence to establish it. Equally improbable is the defense closely interwoven with it, that the parties plaintiff and defendants mutually agreed among themselves that no one of them should claim contribution from any other. But, like the first point, the evidence upon it is conflicting and we are neither inclined nor permitted to disturb the finding of the trial court.

[2] Another point offered in defense is that, if they are sureties, the plaintiff gave them no notice of the payment by himself and made no demand for contribution. But this is unnecessary. The defendants were liable directly to the payee in the note without demand or notice and they stand in no more favorable position as to the one who pays the note to the payee. The case of *Taylor v. Reynolds*, 53 Cal. 686, is directly against the claims of the defendants as to this point. They admit this, but they insist that this court should overrule that authority. The case was carefully considered by the court and was concurred in by the entire bench. It is in harmony with the statute law on the subject and we are satisfied as to its soundness.

Another defense is that, if they were bound at all, it was only in that proportion which the stock owned by them severally bears to the entire capital stock. This claim is not tenable. The obligors were not bound on the promissory note in their technical capacity as stockholders, but as joint and several obligors. In view of the conclusions at which we have arrived as to the foregoing points, it becomes unnecessary to notice the claim of the plaintiff that such defenses cannot be proved by parol. We refrain from passing upon the question.

Lastly, the defendants insist that the trial court should not have allowed compound interest. It seems that the portion of the interest arising from the process of compounding is the small sum of $11.60. The plaintiff asks interest only at the rate of six per cent per annum. This should not be compounded. The sum of $11.60 should be deducted from the judgment.

The appeal from the order refusing to grant a new trial is dismissed. The judgment appealed from is modified by deducting therefrom the sum of $11.60 erroneously allowed as compound interest, and as thus modified the judgment is affirmed, the appellants to recover their costs on this appeal.

Burnett, J., and Hart, J., concurred.