[L. A. No. 16795. In Bank.—October 14, 1938.]

MARY E. HANSELMAN, Respondent, v. G. G. MEAD-VILLE et al., Defendants; ANNA MEADVILLE, Appellant.

Anna Meadville, *in pro. per.*, for Appellant.

Leonard S. Barnes for Respondent.

THE COURT.—In this action the trial court entered a decree for plaintiff, quieting her title to a parcel of real property in Los Angeles County, and allowing her costs in the sum of $23.30. Defendant Anna Meadville, wife of defendant G. G. Meadville, appealed. Plaintiff now moves to dismiss the appeal or affirm the decree.

The appeal does not present any substantial question. Appellant contends that as she was merely her husband's scribe in his dealings with plaintiff and claimed no personal interest in plaintiff's property, it was improper to join her as a party defendant in this action, and the evidence affords no support for a decree against her with costs. This position is untenable because in the answer to the complaint, appellant joined with her husband in asserting that they had a leasehold interest in the premises. The evidence affords ample support for entry of the decree with costs against both the defendants.

Appellant further claims that the court failed to find upon material issues raised by the answer. This contention arises from the fact that the findings erroneously refer to the answer as the "cross-complaint". The findings are: "That all the allegations of plaintiff's complaint are true; that the

allegations of defendants' cross-complaint admitting that plaintiff is the owner of and in possession of the property described in plaintiff's complaint are true; that all of the rest of the allegations of defendants' cross-complaint are not true.'' The record shows that the use of the word ''cross-complaint'' to designate the answer was a pure inadvertence, which calls for correction by this court. (Sec. 956a, Code Civ. Proc.; 1 Cal. Jur. Supp., p. 602, sec. 588b.)

It is ordered that the word ''cross-complaint'' be stricken from the findings, and that the word ''answer'' be substituted in its place and stead. The decree is affirmed.