[Civ. No. 12791. Second Dist., Div. Three. Apr. 29, 1942.]

PAUL MARDESICH, Respondent, v. C. J. HENDRY COMPANY (a Corporation), Appellant.

568

Lasher B. Gallagher and Arch Ekdale for Appellant.

David A. Fall for Respondent.

SCHAUER, P. J.—Defendant, a dealer in marine hardware and fisherman's supplies, appeals from a judgment rendered against it after trial without a jury in an action for personal injuries sustained by plaintiff as a result of jumping or falling from an ordinary ladder furnished by defendant for use of customers on its premises. The judgment must be reversed because of failure of the trial court to make adequate

findings on the issue of contributory negligence. Defendant also appeals from an order denying its motion to set aside and vacate the judgment in favor of plaintiff and to enter another and different judgment in favor of defendant. As the findings are inadequate to support a judgment for either plaintiff or defendant, the order must be affirmed.

## Material Facts

The testimony is refreshingly devoid of contradictions; if substantial conflicts exist they are only in the inferences which may be derived from the established facts. The record discloses that on August 15, 1938, plaintiff, a fisherman, went to defendant's store for the purpose of purchasing cork floats. A clerk invited him to go to a warehouse, near to the store and operated by defendant, to see its stock of cork. Such stock was stored on a balcony several feet above the warehouse floor. The only means provided by defendant for gaining access to the balcony was an ordinary movable wooden ladder which stood on the rough warehouse floor and rested against the edge of the balcony floor with a portion of its uprights and one or two rungs projecting above such balcony floor. The ladder was not secured by cleats, spikes, hooks or otherwise at either top or bottom. It was near midday and the warehouse was well lighted. Plaintiff had been in the warehouse and used the ladder before and knew it was a movable ladder, not nailed in any particular place. All through his life, he said, from the time he could understand, he had known about ladders and that they could be picked up and carried around. He knew it was an old ladder at the time he used it on the day of the accident. It is not claimed that the ladder was defective in any way (unless its failure to be secured in position by nails, spikes, cleats or otherwise than by the forces of gravity and friction be deemed a defect) or that plaintiff believed that it was nailed or otherwise fastened to the floor or balcony or that he was deceived by its appearance. Under these circumstances, at the time in question, plaintiff followed the clerk in ascending the ladder. The ascent was without incident. On the balcony a sack of cork was selected and thrown to the main floor. Plaintiff then started to descend; he got no farther than to place one or both feet on one or two rungs below the balcony floor level when the bottom of the ladder started to slide along the floor,

whereupon he jumped or fell off and sustained injury to his foot and ankle.

The trial court found specifically "that the defendant was negligent in the following respects:

"(1) The ladder was not fastened to the balcony nor to the warehouse floor.

"(2) That there were no cleats, spikes or other contrivances in the center of the uprights or at any other point where the uprights rested on the floor or at the point of contact between the upper portion of the said ladder and the balcony which would prevent the uprights from sliding on the warehouse floor.

"(3) *That the defendant failed to warn the plaintiff of the condition of the said ladder.*"

The court also found "that the construction and condition of said ladder would have been disclosed by an inspection of the said ladder and than *(sic)* an investigation and inspection of the said ladder would have disclosed to any ordinarily prudent person that it was a very simple, ordinary, wooden ladder." (Italics ours.)

Besides denying negligence on its part defendant affirmatively pleaded "As AND FOR A SEPARATE AND SPECIAL DEFENSE . . . that on the 15th day of August, 1938 . . . in said premises there was an ordinary ladder used for the purpose of climbing to and from a certain balcony in defendant's warehouse and on prior occasions the plaintiff had been upon the same premises and on said prior occasions the plaintiff had used the said ladder for the purpose of climbing up the same to get on said balcony *and for the purpose of climbing down the same to get on the floor of said warehouse* and on the said 15th day of August, 1938 the plaintiff negligently and carelessly failed to maintain his balance while going down said ladder and *negligently and carelessly failed to place his feet firmly upon the rungs of said ladder and negligently and carelessly caused said ladder to become unbalanced* and negligently and carelessly failed to maintain his weight in relation to the slant of the ladder so that the ladder would not slip or slide from the place where it rested on the floor and the plaintiff negligently and carelessly permitted his feet or one of his feet to slip off of the ladder and the plaintiff negligently and carelessly failed to maintain proper balance and the plaintiff negligently and carelessly fell or jumped from said ladder and as *a proximate result* of the aforesaid acts of

negligence and carelessness on the part of the plaintiff he sustained injury.'' (Italics ours.)

### PLEA OF CONTRIBUTORY NEGLIGENCE NEED NOT ADMIT NEGLIGENCE OF PLEADER

During one period in the juridical history of California the foregoing pleading, since it ascribes plaintiff's injuries solely (and proximately) to his own negligence rather than to concurrently (and proximately) operating negligence of both plaintiff and defendant, might not have been regarded as sufficient to raise the defense of *contributory* negligence. (See 19 Cal. Jur. 682 and cases cited under note 5.) However, it is now definitely established that a plea of contributory negligence of the adversary need not admit negligence on the part of the pleader (*Sheets* v. *Southern Pacific Co.*, (1931) 212 Cal. 509, 515 [299 Pac. 71] ; *Hoffman* v. *Southern Pacific Co.*, (1927) 84 Cal. App. 337, 354 [258 Pac. 397] ; *Hughes* v. *Atchison, etc., Ry. Co.*, (1932) 121 Cal. App. 271, 278 [8 P. (2d) 853] ; *Friddle* v. *Southern Pac. Co.*, (1932) 126 Cal. App. 388, 395 [14 P. (2d) 568] ; *Biddlecomb* v. *Haydon* (1935) 4 Cal. App. (2d) 361, 366 [40 P. (2d) 873] ; *Soares* v. *Barson*, (1936) 12 Cal. App. (2d) 582, 584 [55 P. (2d) 1283] ). Apparently, from the cases cited, it is now the rule that when negligence of the plaintiff is pleaded *as a separate and affirmative defense* (see *Starck* v. *Pacific Electric Ry. Co.*, (1916) 172 Cal. 277, 285 [156 Pac. 51, L.R.A. 1916E, 58]) either as *"a"* (contributing) or *"the"* (sole) proximate cause of his injury, the same principles of law will be applied; i. e., if the negligence of plaintiff (however alleged within the limits above stated) contributes (operates) as *"a"* proximate cause of his injury he cannot recover. As was said in *Friddle* v. *Southern Pac. Co.*, (1932), *supra*, at page 395, ''Here the appellant did plead specifically the facts going to show the negligence of deceased, and whether it described this negligence as the sole cause of the accident or the contributing cause could make no difference in the effect of the proven facts.'' Under the circumstances we are bound to regard the issues of fact raised by the affirmative plea in this case as requiring application of the law of contributory negligence. The parties themselves have so viewed the case. Appellant's positive assertion in its opening brief that the answer pleaded ''contributory negligence'' is not challenged by respondent. Under the law of contributory negligence

"a plaintiff cannot recover for the negligence of the defendant, if his own want of care or negligence has in any degree [proximately] contributed to the result complained of . . ." (*Needham* v. *San Francisco & S. J. R. Co.*, (1869) 37 Cal. 409, 419; *Straten* v. *Spencer*, (1921) 52 Cal. App. 98, 106 [197 Pac. 540]; *Meredith* v. *Key System Transit Co.*, (1928) 91 Cal. App. 448, 454 [267 Pac. 164]; *Bickford* v. *Pacific Elec. Ry. Co.*, (1932) 120 Cal. App. 542, 556 [8 P. (2d) 186]).

### INCOMPLETE FINDINGS, CONJUNCTIVE IN FORM, WILL NOT SUPPORT JUDGMENT

 The only attempt to resolve the issues raised by the above quoted affirmative defense charging contributory negligence (which is deemed denied) is a finding which is conjunctive in form, replete with negatives pregnant, and incomplete in substance. It is, in material part, as follows: "That it is true that the plaintiff had been upon the same premises on prior occasions. . . . It is not true that he had previously used the same ladder for the purpose of climbing up to said balcony *and for the purpose of climbing down* from the same [this negative pregnant is particularly significant in view of the fact that in his deposition, which is in evidence, plaintiff admitted *going up (but not down)* the ladder "once or two times" within the two preceding years], nor is it true that on the said 15th day of August, 1939 [whether the 193*9* instead of 1938 is a typographical error or otherwise is immaterial as we place no significance upon this discrepancy in dates], the plaintiff negligently *and* carelessly failed to maintain *his* balance while going down said ladder, nor is it true that plaintiff negligently *and* carelessly failed to place his feet *firmly and upon* the rungs of said ladder [disregarding the improper conjunction of "negligently *and* carelessly" the use of the word "and" between the words "firmly" and "upon" renders that clause wholly impotent as a negation of the correlative allegation in the answer], nor is it true that plaintiff negligently *and* carelessly failed to maintain his weight in relation to the slant of the ladder so that the ladder would not slip or slide from the place where it rested on the floor, nor is it true that plaintiff negligently *and* carelessly permitted his feet or one of his feet to slip off the ladder, nor is it true that plaintiff negligently *and* carelessly failed to maintain proper balance, nor is it true that

plaintiff negligently *and* carelessly fell or jumped from said ladder, nor is it true that plaintiff sustained injury as *the* proximate result of negligence or carelessness upon his part." (Italics ours.)

It will be noted that the foregoing finding wholly ignores the averment in the answer that plaintiff "negligently and carelessly caused said ladder to become unbalanced." The evidence discloses that *plaintiff was in sole control of the ladder* at the time it obviously did become unbalanced; his hands apparently were gripping such ladder at a point *higher* than where it rested against the edge of the balcony floor. At this point, although perhaps maintaining his own balance with respect to the ladder he could easily have caused the ladder to become unstable and unbalanced. The question as to whether he *negligently caused the ladder* to become unbalanced was pertinent and material. Whether or not the doctrine of res ipsa loquitur requires an explanation from plaintiff under such circumstances, as contended by defendant, the latter is certainly entitled to determinative findings on the pertinent and material issues of fact raised by the pleadings. The failure to find that the plaintiff did not negligently or carelessly cause the ladder to become unbalanced might not be fatal to the judgment if there were a definite and inclusive finding on the ultimate fact negating the existence of negligence on the part of plaintiff which contributed as *"a"* proximate cause of his injury. But there is no such finding. The clause in the heretofore quoted finding "nor is it true that plaintiff sustained injury as *the* proximate result of negligence or carelessness upon his part" amounts merely to a determination that plaintiff's injuries, if any, were not the *sole* proximate result of his negligence.

It should also be noted that the answer in charging the asserted negligence of plaintiff avers that each of the specified acts was done "negligently and carelessly" and that the finding in attempting, in part at least, to negate such allegations follows the conjunctive form "nor is it true that plaintiff negligently *and* carelessly" did the act. In accordance with the rule that findings should be construed, if possible, so as to support the judgment (*Haight* v. *Haight,* (1907) 151 Cal. 90, 92 [90 Pac. 197] ; *E. W. McLellan Co.* v. *East San Mateo L. Co.,* (1913) 166 Cal. 736, 738 [137 Pac. 1145] ; *Anglo-California T. Co.* v. *Oakland Rys.,* (1924) 193 Cal. 451,

460-461 [225 Pac. 452]; *Gin S. Chow* v. *City of Santa Barbara,* (1933) 217 Cal. 673, 680 [22 P. (2d) 5]; *Los Angeles Soap Co.* v. *Bossen,* (1932) 122 Cal. App. 237, 241 [9 P. (2d) 900]) we have scrutinized the entire finding in its relationship to the averments it seeks to meet, with a view to sustaining the judgment if a reasonable and liberal construction of such finding would so admit. But in addition to the fact that certain issues are not met at all, as heretofore pointed out, we are confronted with the further fact that none of the issues is squarely and inclusively met. The words "carelessly" and "negligently" are not entirely synonymous. Webster's New International Dictionary (2d ed.), 1942, defines "careless" as "1. a. Free from care, anxiety, or solicitude. . . . b. Having no concern or interest; unconcerned; unmindful. . . . 2. Not taking ordinary or proper care; negligent; heedless, inattentive; regardless . . .," and gives as synonyms the words: "Inconsiderate, thoughtless, unthinking, remiss, inadvertent." The same dictionary gives the meaning of the word "negligence" as implying: "1. Quality or state of being negligent; lack of due diligence or care; omission of duty; neglect. 2. Law. Failure to exercise the care that the circumstances justly demand; omission of duty in doing or forbearing. When such failure results in injury to another the negligent person is liable for damages, and may be criminally liable. . . ." As the words obviously are not completely synonymous it must be presumed that the pleader used them as conveying different meanings else we would not be giving significance to each and would be convicting the pleader of tautology. Since those words are not synonymous the finding "nor is it true that the plaintiff negligently *and* carelessly" did the several specified acts, construed most favorably to plaintiff, implies both that the acts were done and that they were done *carelessly.* Even if we could construe the words as being synonymous the finding would only deny the adjectives and would still imply that the acts specified were done; i. e., that plaintiff failed to maintain his balance while going down the ladder; that he failed to place his feet firmly upon the rungs of the ladder; that he failed to maintain his weight in relation to the slant of the ladder so that the ladder would not slip or slide from the place where it rested on the floor; that he permitted his feet or one of his feet to slip off the ladder; that he failed to maintain proper balance; that he fell or jumped from the ladder. From such probative facts

it would follow as a matter of law that plaintiff was guilty of negligence proximately contributing to his injury.

Findings of the type portrayed in this case have been repeatedly condemned as inadequate and as implying the truth of affirmative allegations in the pleading (see *Tormey* v. *Anderson-Cottonwood I. Dist.*, (1921) 53 Cal. App. 559, 562 [200 Pac. 814]; *Wiles* v. *Hammer*, (1924) 66 Cal. App. 538, 539-540 [226 Pac. 651]; *Huling* v. *Seccombe*, (1928) 88 Cal. App. 238, 244 [263 Pac. 362]; *Austin* v. *Harry E. Jones, Inc.*, (1939) 30 Cal. App. (2d) 362, 367 [86 P. (2d) 379]; see, also, *Fitch* v. *Bunch*, (1866) 30 Cal. 208, 211; *Wise* v. *Rose*, (1895) 110 Cal. 159, 163 [42 Pac. 569]; *Janeway & Carpender* v. *Long Beach P. & P. Co.*, (1922) 190 Cal. 150, 153 [211 Pac. 6]).

The inadequacies of the foregoing quoted finding are emphasized by the fact that the trial court held that defendant's negligence consisted specifically, and apparently exclusively, in the concurrence of the following items: its failure to fasten the ladder to the balcony or main floor, to provide it with cleats or other anchoring device, or *to warn the plaintiff of the condition of the said ladder*. Since plaintiff admittedly had used the ladder previously to go *up* and since, as the court found, "the *construction and condition* of said ladder would have been disclosed by an inspection ... and than *(sic)* an investigation and inspection of the said ladder would have disclosed to any ordinarily prudent person, that it was a very simple, ordinary, wooden ladder," (italics ours) and inasmuch as defendant's clerk, who was waiting on plaintiff had waited on him many times before over a period of seven or eight years and must have known that plaintiff had used the ladder and was familiar with it, the question becomes very close (and we do not now determine it, but see *Borden* v. *Daisy Roller-Mill Co.*, (1898) 98 Wis. 407 [74 N. W. 91, 92, 67 Am. St. Rep. 816]), as to whether the evidence admits of a finding that defendant was negligent and that plaintiff did not negligently contribute to his own injury. Under the circumstances depicted, the failure to make positive findings on the issues mentioned is prejudicial error.

██ Defendant has also appealed from an order denying its motion made pursuant to the provisions of sections 663 and 663a of the Code of Civil Procedure to vacate the judgment in favor of plaintiff and enter another and different judgment

in favor of defendant. While the findings of fact do not support the judgment in favor of plaintiff they do not, on the other hand, when construed most favorably to plaintiff, require the conclusion that defendant is entitled to judgment. Their failure to support the judgment for plaintiff consists not in the affirmative determination of the issue of contributory negligence adversely to plaintiff, but in the lack of determination of such issue favorably to him. Hence, although the conclusion of law that plaintiff is entitled to a judgment is not supported by the findings, defendant is not upon such findings entitled to have judgment entered in its favor. The order denying the motion was properly made.

The order appealed from is affirmed; the judgment is reversed.

Shinn, J., and Wood (Parker), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 25, 1942. Carter, J., voted for a hearing.