[L. A. No. 20034. In Bank. Dec. 18, 1947.]

ALBERT B. JOHNDROW, Appellant, v. WALTER J. THOMAS et al., Respondents.

Eugene L. Wolver for Appellant.

Reuben Rosenweig and Arch G. McLay for Respondents.

CARTER, J.—Appellant by his complaint charged three counts, one, claiming a half interest in two lots (referred to herein as the Hobart lot and the La Salle lot) on the ground

that he advanced half the purchase price thereof and title was taken in respondents' (husband and wife) names; two, claiming a partnership existed between him and respondents whose purpose was to and which did acquire the lots and household furnishings; three, asserting a half interest in the furnishings on the same basis relied upon in the first count. The court adjudged that appellant owned a half interest in the Hobart lot but none in the La Salle Street lot or house furnishings.

It appears that appellant before he became of age, prior to 1938, lived with respondents and in a relationship akin to that of a son. After an interval away he returned to live with them in Los Angeles under similar circumstances in 1940. According to the findings, in March of that year, for the purpose of assisting appellant to save money and to establish a better home, appellant and respondents agreed to acquire jointly, and at joint expense, a city lot. Pursuant thereto the Hobart lot was purchased in June, 1941. Title was taken in the names of the parties as joint tenants. Thereafter, the La Salle lot (which had a house on it) was purchased and the title was taken by the parties as joint tenants. The Hobart lot was used as security in that deal. The court found (the finding appears in the conclusions of law) that appellant executed a deed conveying to respondents all his interest in both lots.

The pleadings of the respective parties raise as issues, questions of fact as to whether appellant had contributed half of the purchase price of both lots and thus held an interest as beneficiary of a resulting trust, whether there was an agreement to acquire them jointly, whether there was such an agreement and contribution as to both lots or only one, and whether the lots were to be acquired by the parties as a partnership venture. The findings read literally are contradictory on those subjects. Be that as it may, it is conceded by all, that title to both lots was taken in the names of the parties jointly a considerable time prior to 1943 and any agreement of partnership, trust or otherwise was carried out by the parties. Thus, prior to 1943 the matter stood, that so far as the legal title was concerned, appellant had all the interest he claimed in both lots. In that year it is claimed he deeded any interest he might have to respondents. If that is true, and the court so found, then the other issues with reference to the contentions made became immaterial. The prior transactions and agreements would not affect the validity of the conveyance and it is not claimed that they do. Appellant's only conten-

tion in connection with the deed, both here and in his testimony in the court below, is that he did not execute it and it was not properly acknowledged. No claim is made of invalidity on any other ground, or that if executed, it did not pass his full interest in the lots. Although the findings in regard to those transactions may be somewhat conflicting on their face, they were surplusage, and could not prejudice appellant if any rights he may have had were lost by the deed of 1943. This brings us to the questions raised with reference to that conveyance.

The evidence, urges appellant, is insufficient to establish the execution of the deed by him. He testified that he did not execute it. Opposed to that is the testimony of respondents that appellant had left the home in 1942 because of a quarrel in regard to a girl with whom he had been friendly. He returned in January, 1943, and stated he wanted to give respondents a deed to the lots. Respondent Walter J. Thomas took him to a notary public. Thomas identified himself with personal papers to the satisfaction of the notary and the deed was acknowledged and recorded. A photostatic copy of the recorded deed was introduced in evidence. Respondents never received the original from the recorder and its whereabouts is unknown. The notary was shown a group picture including appellant and identified appellant as the one who signed the deed on the occasion in question. He took the acknowledgment, appellant having identified himself by personal papers he carried. Clearly, there was sufficient evidence to show execution of the deed by appellant. The conflict was resolved against appellant and that is binding upon this court.

It is urged that the court made no finding with reference to the execution of the deed. It found that the property "now solely stands in the name of" respondents. The clear implication is that it stands in their names because of the deed. In the conclusions of law it is stated: "That the deed of January 7, 1943, conveying plaintiff's purported interest in said property was executed by plaintiff [appellant]." While it is a finding of fact and should have been in the findings of fact rather than the conclusions of law (Code Civ. Proc., § 632), yet it may be used to support the judgment. (24 Cal. Jur. 961.)

It is urged that the acknowledgment of the execution of the deed is insufficient because appellant was not properly identified and that this is of especial importance inasmuch as

a photostatic copy of the record of the deed was introduced in evidence and the whereabouts of the original deed was unknown. There is evidence (above set forth), however, independent of the certificate of acknowledgment, that appellant executed the deed. ■ As between the parties an acknowledgment is not essential to the validity of a deed as a conveyance of the property. (*Kimbro* v. *Kimbro*, 199 Cal. 344 [249 P. 180] ; *Osterberg* v. *Osterberg*, 68 Cal.App.2d 254 [156 P.2d 46] ; 1 Cal.Jur. 222-224.)

■ Appellant contends that the findings and judgment are "illogical," for assuming the deed was found to be executed, yet appellant was found to have a half interest in the Hobart lot. If anything, appellant obtained more than that to which he was entitled in view of the execution of the deed and the adjudication that he had an interest in the Hobart lot was in response to a concession by respondents that he did.

Objection is made to the admission of oral evidence in regard to the transaction involving the acquisition of the La Salle Street lot as a violation of the parol evidence rule, but that is immaterial in the face of the deed in 1943.

In regard to the personal property (household furniture) in which appellant asserts an interest, the evidence is in conflict, some to the effect that appellant contributed to its purchase and some to the contrary. In this connection (and also bearing upon the real property) appellant claims the judgment must be reversed because of a conflict in the findings. Read literally there is undoubtedly a conflict. As above seen, appellant's complaint contained three counts. The first deals only with the real property, basing a claim thereto on the theory of a trust. The second and third are a claim to both the realty and personalty, predicated on the theory of partnership and trust. *The first four paragraphs of the first count are of minor significance,* alleging husband and wife relation of respondents, the corporate capacity of one of the defendants other than respondents and references to defendants named as "Does." The findings treated each count separately. As to the first count, the first four paragraphs were found to be true in that language. Then followed express findings (that is, not referring to the complaint or answer) negativing appellant's claims except as to a half interest in the Hobart lot. In finding on the second count the court stated: "That the allegations set forth in paragraphs I, II, III and IV of plaintiff's Second Cause of Action are and each of them is true."

A similar finding was made as to the third count, the reference being made to paragraphs in the third cause of action. In each instance express findings followed negativing appellant's claim to the La Salle Street lot and the personal property. As it happened, the first paragraph in the second and third causes of action incorporated by reference paragraphs of the first cause of action which substantiated appellant's claims. Moreover, in addition to the first paragraphs of the second and third counts incorporating paragraphs of the first count the additional paragraphs found to be true (II, III and IV) embraced practically all of appellant's allegations. In other words, the facts were decided one way in one breath and the other way in another, yet the conclusions of law and judgment run in favor of respondents. Plainly, the conflict was the result of inadvertence—a mere clerical error. Manifestly, the reference in the findings covering the second and third causes of action to the first four paragraphs was intended to refer to the first four paragraphs of the first count as was referred to in the finding on the first cause of action. This is further manifested by the following. The express findings following the initial paragraph, which was found to be true including certain paragraphs as above seen, closely follow the pleadings in the various paragraphs that had been found true in the first paragraph, finding some of them untrue. When it came to dealing with the specific facts as pleaded, rather than merely a reference to paragraphs of the pleadings as a whole, the facts were found for respondents.

Findings of fact must be liberally construed to support the judgment (*Woodbine* v. *Van Horn,* 29 Cal.2d 95 [173 P.2d 17] ; 2 Cal.Jur. 871-872), and this court has power where a jury trial is not a matter of right or has been waived, to correct and amend findings which are conflicting as the result of inadvertence in order to affirm the judgment. (See Cal. Const., art. VI, § 4¾ ; Code Civ. Proc., § 956a; *Hanselman* v. *Meadville,* 12 Cal.2d 259 [83 P.2d 295] ; *Wallace Ranch W. Co.* v. *Foothill D. Co.,* 5 Cal.2d 103 [53 P.2d 929] ; 1 Cal. Jur. 10-Yr.Supp., pp. 601-604.) True, there is a conflict in the evidence relating to the issues involved here, but this court by correcting the findings is not making a finding on conflicting evidence. It is curing a patent inadvertence—clerical error. For those reasons, the findings of fact are amended by striking from the first paragraph of the findings on the second cause of action the word "Second" and inserting in lieu thereof

the word "First" and by striking from the first paragraph of the findings on the third cause of action the word "Third" and inserting in lieu thereof the word "First."

Appellant argues that the remaining findings (after the amendment above made) are insufficient because they are phrased as negatives pregnant; that certain findings start with the statement that "It is untrue" followed by recitals coupled with the conjunctive. It has been held that a negative pregnant in material findings renders them insufficient. (See *Auerbach* v. *Healy,* 174 Cal. 60 [161 P. 1157]; *Southern Pac. R.R. Co.* v. *Dufour,* 95 Cal. 615, 619 [30 P. 783, 19 L.R.A. 92]; *Mardesich* v. *C. J. Hendry Co.,* 51 Cal.App.2d 567 [125 P.2d 595]; *Austin* v. *Harry E. Jones, Inc.,* 30 Cal.App.2d 362 [86 P.2d 379]; *Harris* v. *Holland,* 107 Cal.App. 646 [290 P. 903]; *Wiles* v. *Hammer,* 66 Cal.App. 538 [226 P. 651]; *Tormey* v. *Anderson-Cottonwood I. Dist.,* 53 Cal.App. 559 [200 P. 814].) On the other hand, it has been held that because of the rule requiring a liberal construction of the findings to support the judgment, the rule of negative pregnant does not apply. (*McAuliffe* v. *McAuliffe,* 53 Cal.App. 352 [199 P. 1071]; *Ballagh* v. *Williams,* 50 Cal.App.2d 10 [122 P.2d 343].) And in others it is indicated that the findings are construed as may appear proper although a negative pregnant is present. (See *Stevens* v. *Stevens,* 215 Cal. 702 [12 P.2d 432]; *Mardesich* v. *C. J. Hendry Co., supra.*) It has been settled by a legion of cases that "Findings should be accorded a liberal construction, with a view of supporting, rather than defeating, the judgment. They should not be construed with the strictness appropriate to the consideration of a complaint which is attacked by a special demurrer. Nor should the words employed be accorded a technical construction, or be so strained as to make out a case of conflict. Rather should the findings be construed as a whole, and reconciled, if possible, so as to prevent a conflict upon material points. They should be considered in connection with the pleadings, and the entire evidence in the case, together with such inferences of fact as the trial court might properly draw therefrom, and they may, in some cases, be explained by exhibits attached to the pleadings. . . . It is an established rule of law that the findings of fact are to receive such a construction as will uphold rather than defeat the judgment thereon. For this purpose they are to be liberally construed, and any ambiguity or inconsistency therein is to be resolved in favor of sustaining the judgment. If a finding is

susceptible of two constructions, one of which is supported by the evidence and the other is not, the former is given. And whenever from facts found, other facts may be inferred which will support the judgment, such inference will be deemed to have been made." (24 Cal.Jur. 1007.) These rules are at odds with the proposition that merely because a negative pregnant exists, the findings are insufficient. It does not necessarily follow that because it is stated that A and B are untrue, the only meaning is that A or B alone is true. It all depends on the circumstances. Hence, the appropriate rule should be that the sufficiency of findings turns upon the particular case and that there is no absolute rule regarding negatives pregnant, which at best is nothing more than a rule of construction.

Here it is plain from the findings as a whole that the intent was to find the material facts against the plaintiff (appellant) and in respect to the personal property it is to be noted that the ultimate fact is stated in the conclusions of law that: "plaintiff has no interest in the household furnishings and other personal property referred to in the Complaint."

After all the pleadings were filed, appellant requested and obtained an early setting of the date for the trial of the case on his affidavit that he was a member of the armed forces. The trial was set for September 5, 1944. The case came on for trial on that date and appellant presented his case. Thereupon, respondents' attorney stated that respondents were then in Ohio but could be present to testify on October 30, 1944. The case was continued to that date. Upon whose motion it was continued does not appear nor does it appear that appellant made any objection thereto or to the date fixed. On that date, respondents and their counsel and appellant's counsel appeared but not appellant, he being absent from the state by reason of military service. Without objection the trial proceeded, respondents putting on their case. Appellant's counsel then moved for a "short" continuance to confer with his client—to write to him to see if he had "any facts in rebuttal" and that he had been unable to obtain appellant's "time card . . . at the Consolidated," apparently referring to a card showing whether he was working when the deed of January, 1943, was executed and acknowledged. The motion was denied, the court stating: "It [apparently the timecard matter] is not a vital point, and, in the second place, that information could have been elicited before." The foregoing showing is only by statement of counsel. No affidavits were presented. There is no

indication that appellant could not have obtained a leave from military duty to attend the October 30th hearing, or prior thereto to more fully advise his counsel. True, appellant's counsel stated that he had only a short time for consultation with appellant prior to the first hearing—September, 1944, but *at his request* an early trial date was obtained. There is nothing to show why appellant's counsel did not obtain appellant's timecard during the nearly two months' period between the first and second hearings of the trial. It was not established that appellant's counsel could not have contacted his client during that period. While he desired to ask him about matters for the purpose of rebuttal, he was fully advised by the pleadings of the deed, the date it was executed and respondent's claims. Appellant had covered all the issues in his direct examination at the first hearing. It does not appear that appellant's counsel was surprised or justified in claiming surprise. In the light of all the circumstances, we cannot say the court abused its large discretionary power in denying the continuance. The authorities cited by appellant involve different circumstances and are thus not controlling.

The findings of the trial court are amended as above indicated and the judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.