[Civ. No. 17807.   First Dist., Div. Two.   May 12, 1958.]

VERA BLACKBURN, Appellant, v. WILLIS E. BLACK-BURN et al., Respondents.

302

Orlando J. Bowman, and Robert H. Kroninger for Appellant.

Morris M. Grupp for Respondents.

DRAPER, J.—After filing two actions, twice amending one, dismissing a portion of one, and obtaining an order consolidating the two actions, plaintiff went to trial upon complaints seeking divorce, separate maintenance, and recovery of three different sums of money alleged to be due to her from her husband. She was awarded an interlocutory decree of divorce, by which the court determined that there was no community property, directed defendant to pay community debts amounting to $5,403.04, and awarded plaintiff alimony at the rate of $250 per month for four months only, together with her attorney's fees and costs. Judgment was entered in favor of defendant upon the three causes of action for money. Plaintiff appeals, seeking reversal only of the judgment in defendant's favor on the fourth cause of action, and of the portion of the decree limiting alimony to $250 per month for four months.

The fourth count contained four paragraphs. The first incorporated by reference a number of paragraphs of the first count, that for separate maintenance. The second para-

graph alleged that, immediately after the marriage of the parties, respondent asked appellant to spend "her own personal funds" for her personal needs and those of respondent, and agreed to repay her therefor. Paragraph 3 alleges that she spent $6,000, and paragraph 4 that he failed to repay any part of this amount. The trial court found that "the allegations of paragraphs I, II, III and IV . . . are untrue."

Appellant points out that this finding, by reason of its denial only in the conjunctive, is phrased as a negative pregnant. To find it untrue that he promised to pay, *and* that she advanced, *and* that he failed to repay, is to leave open the implication that all but one of these facts are true. The use of "or" rather than "and" would make clear that each averment is found to be untrue. Appellant relies upon *Mardesich* v. *C. J. Hendry Co.*, 51 Cal.App.2d 567 [125 P.2d 595]. But that case differs materially from ours. There the findings wholly failed to cover some allegations of contributory negligence, and negatived others in a way to create hopeless confusion. The rule applicable to the case at bar is laid down in *Johndrow* v. *Thomas*, 31 Cal.2d 202 [187 P.2d 681]. There the Supreme Court pointed out the conflict between the rule that findings are to be construed liberally to support the judgment, and the proposition that, merely because a negative pregnant exists, the findings are insufficient. The court concludes (p. 209) that "the appropriate rule should be that the sufficiency of the findings turns upon the particular case and that there is no absolute rule regarding negatives pregnant, which at best is nothing more than a rule of construction." Here, as in the Johndrow case, the findings and conclusions, viewed as a whole and considered in the light of the evidence, make it completely clear that the trial court intended to find that appellant failed to sustain her burden of proving that she had ever advanced any such funds, or that respondent had ever asked for or agreed to repay them. In the modern approach to findings and in the light of the record here, appellant's contention is without merit.

Appellant also contends that the findings upon this count, even if adequate in law, are unsupported by the evidence. The evidence was conflicting as to whether respondent ever requested any advances, whether he agreed to repay any advances if made, and whether any advances were made. *Mergenthaler* v. *Mergenthaler*, 69 Cal.App.2d 525 [160 P.2d

121], relied upon by appellant, makes clear that the wife's right to recover in such a situation arises only where there is a "distinct agreement" to repay. Where the wife uses her separate funds in payment of family expenses, without any agreement or understanding as to repayment, she cannot require her husband to reimburse her. (*Thomson* v. *Thomson,* 81 Cal.App. 678, 684 [254 P. 644].) The conflict of evidence upon this point alone sustains the trial court's finding and conclusion.

■ The award of alimony is not, as a matter of law, inadequate. The parties were married March 13, 1953. The court found that they separated December 1, 1953. There were no children. Appellant had received $500 per month as alimony pendente lite over a long period. Respondent was ordered to pay more than $5,000 in community debts, most of which were incurred by the wife for clothing during the eight and a half months of marriage. A broad discretion is vested in the trial court in determining the amount of alimony. (16 Cal.Jur.2d 499.) We cannot say that this discretion was abused here.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.