Filed 9/13/22 In re L.H. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.H., et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E078897 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ1900623) |
| v. | OPINION |
| T.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Michael J. Rushton, Judge. Dismissed.

Donna B. Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Teresa K.B. Beecham and Catherine E. Rupp, Deputy County Counsel, for Plaintiff and Respondent.

In this appeal from an order terminating parental rights, defendant and appellant T.B. (mother) contends only that plaintiff and respondent Riverside County Department of Public Social Services (the department) failed to comply with its duty of initial inquiry imposed by state statutory provisions implementing the Indian Child Welfare Act of 1978 by failing to interview her children's paternal grandmother. (25 U.S.C. §§ 1901 et seq.) (ICWA). The department moved to augment the record to include evidence that it did interview the paternal grandmother, and then to dismiss this appeal as moot. Mother does not oppose the department's motion, has declined to file a reply brief, and has stated her intention not to request oral argument. Accordingly, we grant the department's motion to augment the record and to dismiss.

## I. FACTS

In October 2019, the department filed a dependency petition on behalf of mother's son L.H., pursuant to section 300, subdivisions (b) and (g). At the detention hearing, the court asked mother, maternal grandmother, and a maternal great-grandmother about their potential Indian ancestry, and all three confirmed they had none. Throughout the dependency, both mother and father maintained they had no Indian ancestry.

In December 2019 the department sent an ICWA-030 form (Judicial Council Forms, form ICWA-030 (ICWA-030)) to the Bureau of Indian Affairs and the Secretary of the Interior. The ICWA-030 identified Theresa G. as the paternal grandmother.

In January 2020, the department interviewed Theresa G., who denied any Indian ancestry. The interview record correctly identified Theresa G. by her full first and last name, matching the name of the paternal grandmother on the ICWA-30 form. However, the interview record incorrectly identified Theresa G. as the maternal grandmother. The maternal grandmother in fact has a very different name. Later that January, the court held a jurisdiction and disposition hearing where it sustained an amended petition, finding L.H. came within section 300, subdivision (b).

In March 2021, the court terminated mother's reunification services and set a hearing pursuant to section 366.26. The same day, mother gave birth to another child with father, named S.B. The department filed a dependency petition on behalf of S.B, pursuant to section 300, subdivisions (b) and (j).

At the contested jurisdiction/disposition hearing, the court sustained the petition. It also bypassed reunification services as to S.B. under section 361.5, subdivision (b)(10) and set a 366.26 hearing on the basis that the parents had failed to reunify with L.H.

In April 2021, the juvenile court terminated mother's parental rights as to both L.H. and S.B. Mother timely appealed the order terminating parental rights.

## II. ANALYSIS

Mother's only argument on appeal is that the department failed to meet its duty of initial inquiry because it failed to ask the paternal grandmother for any information about potential Indian ancestry. The record tends to indicate that the department did interview the paternal grandmother because it reported an interview of a grandmother with the

3

same first and last name as the paternal grandmother. To establish this, the department asks us to augment the record to include a declaration from a social worker attesting that she interviewed the paternal grandmother Theresa G. but inadvertently misidentified her as the maternal grandmother in her report. It then asks us to dismiss this appeal as moot. Mother notified this court that she does not oppose either motion. We therefore grant both of the department's requests. (See Cal. Rules of Court, rule 8.54(c) ["A failure to oppose a motion may be deemed a consent to the granting of the motion."].)

Generally, we cannot "receive and consider postjudgment evidence that was never before the juvenile court[ ] and rely on such evidence outside the record on appeal to reverse the judgment[.]" (*In re Zeth S.* (2003) 31 Cal.4th 396, 400.) However, here we grant the unopposed motion to augment not to receive evidence making a new factual finding, but to receive evidence that "is curing a patent inadvertence—clerical error." (*Johndrow v. Thomas* (1947) 31 Cal.2d 202, 207; see *People v. Baker* (2021) 10 Cal.5th 1044, 1109 [courts have inherent power to correct clerical errors to make records reflect true facts].)

Accordingly, we grant the department's request to augment the record with the proffered declaration, which establishes what the record tends to indicate, i.e., that the department did ask the paternal grandmother about any potential Indian ancestry. Even without this augmentation, the record contained sufficient information to allow us to conclude that identifying Theresa G. as the maternal (rather than paternal) grandmother was an error. The record consistently refers to the maternal grandmother by a different

4

name, and the ICWA-030 form correctly identifies Theresa G. as the paternal grandmother.

Mother's only appellate argument is that the department failed to contact the paternal grandmother during its initial ICWA inquiry, but the department did confirm through the paternal grandmother that the children have no Indian ancestry. There is no basis for mother's claim, though we understand how the error in the department's report led to this appeal. Therefore, we grant the department's unopposed motion to dismiss the appeal as moot.

### III. CONCLUSION

We grant the department's motion to augment the record and dismiss the appeal as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

CODRINGTON _____

Acting P. J.

FIELDS _____

J.

5